Hughes v. Gordon.

Hughes
v.
Gordon.

When the security in a note, within the jurisdiction of a justice of the peace, and the payee reside in one county, and the principal debtor *resides in* another county, the payee, on being served with notice by the security, to commence suit, has his election to sue the security alone, or the principal debtor; and is not compelled to go to a distant county, and sue the principal debtor alone.

Appeal from the Clinton Circuit Court.

Wood for Appellant.

Burnett & Jones for Appellee.

*Opinion of the Court delivered by Napton, Judge.*

From the bill of exceptions in this case, it appears, that the appellant Hughes, and one Blickley, were joint obligors in two notes for twenty dollars each, to the appellee Gordon, and that Hughes, as security, gave notice in writing to Gordon, to commence an action against the principal.— Suit was accordingly instituted within less than thirty days after the notice against Hughes and Blickley; but Hughes alone was served with process and judgment given against Hughes alone. Blickley, it appeared, resided at the time of the notice, in Platte county, and Hughes in Clinton county, in which last county the plaintiff Gordon also resided.— Our statute requires the obligee to sue the principal and securities, when notice in writing is given by any one of the securities. In this case, however, as the principal and security lived in different counties, and the amount of the notes was within the jurisdiction of a justice of the peace, it is plain that both Hughes and Blickley could not have been successfully sued. The act for the benefit of securities, was not, I apprehend, under such circumstrnces, intended to deprive the obligor of his election, and compel him to go

to a distant county and bring a suit against the principal alone. A security can at all time place himself in a condition, to recover against his principal by paying the debt. Judgment affirmed.

I do not concur.

G. TOMPKINS.