HOOPER impleaded with MADDOX & HILL, v. PRITCHARD.

Clark Hooper
impleaded
with Maddox
& Hill, v.
Pritchard.

Same decision as in the case of Powells v. Thomas. Ante. p. 440

Error to St. Louis Court of Common Pleas.

HAMILTON for Plaintiff.

BLAIR & GANTT for Defendant.

*Opinion of the Court, delivered by Scott, Judge.*
( Peter & Joseph Powel v. Thomas.)

David Thomas instituted an action of assumpsit against P. & J. Powel on a promissory note, of which the following is a copy :

St. Louis, March 1st, 1839.

Six months after date, I promise to pay to the order of David Thomas, eight hundred and seven dollars and sixty-one cents for value received, with interest at the rate of ten per cent per annum, from due until paid.

THOMAS L. FONTAINE.

On the back of the note, the names of P. & J. Powell were endorsed in blank, and they were charged in the declaration as the makers of the note. On the trial, the court below instructed the jury, that Thomas L. Fontaine was the party originally liable on the note, and that P. & J. Powell were his securities. There was a verdict and judgment for Thomas, the plaintiff below, from which P. & J. Powell have appealed to this court.

The question is whether P. & J. Powell are to be regarded as securities to the note? This is a case of the first impression on this court, and it must be admitted, is not without its difficulties. Cases from the English and American books have been cited, which show that an endorsement like that in the present case, has been regarded by some courts as evidence of an undertaking of one character, and by other courts as evidence of another and different undertaking. All admit that the party making the endorsement, is bound in some way or in some event, but a contrariety of

opinion prevails as to the time and manner of the liability <span>MAY TERM, 1842.</span>
attaching. Should the endorser's liability be varied from
that intended by him at the time of making the endorsement, <span>Clark Hooper impleaded with Maddox & Hill, v. Pritchard.</span>
he must attribute the consequences to his own neglect,
as it was in his power to define his undertaking with precision.
What, then, is the nature of the undertaking of a party who
endorses a note in blank payable to another? The position of
the name or the instrument would seem to signify that he was
only to be held as endorser, but if that was the intention, he
should have been the payee of the note, as otherwise he
could not by the endorsement, transfer the legal interest in
the note. In the case of Moies v. Bird, 11th Massachusetts
Reports, 440, similar to the present one, the court says, "it
was plain the defendant intended making himself liable in
some way. Had the note been made payable to him, and
negotiable in its form, the plaintiff would have been restrict-
ed to such an engagement written over the signature as
would conform to the nature of the instrument. In such case,
the defendant would have been held as endorser, and in no
other form, for such must be presumed to have been the in-
tent of the parties to the instrument. But this note was
not 'made payable to the defendant, and therefore, was not
negotiable by his endorsement. What, then, was the effect
of his signature? It was to make him absolutely liable to
pay the contents of the note. He puts his name upon a
note payable to another, knowing he could not be consider-
ed in the light of a common endorser, and that he was enti-
tled to none of the privileges of that character. He leaves
it to the holder of the note to write any thing over his
name which might be considered not to be inconsistent with
the nature of the transaction. The holder chooses to con-
sider him as a surety, binding himself originally with the
principal, and he has a right to do so. If he was a surety,
then he may be sued as original promissor."

We have taken the liberty to transcribe this passage from
the opinion delivered in the above cause, as embodying our
own views, and as containing the most reasonable interpre-
tation of the intent of the party making an endorsement
similar to that in the cause now under consideration. Many

MAY TERM.
1842.

Clark Hooper
impleaded
with Maddox
& Hill v.
Pritchard.

other cases might be cited from the same reports, supporting this view of the subject.   See 13, John. 175.   The case of Baker and Briggs, 8th Pickering, is an authority to show that where the contrary does not appear, it will be presumed that the execution of the note, and the making the endorsement were cotemporaneous acts.   The party making the endorsement is regarded as being privy to the consideration, and it will be presumed, that it was taken on the faith of the endorsement, and he will not be heard in objecting the want of consideration for his endorsement.   This, we hold is the light in which a blank endorsement made by a party who is not the payee of a note is to be regarded, if nothing to the contrary appears.   The real contract of the parties may be shown, but in the absence of all proof the foregoing are the principles by which we think courts should be governed in determining the liability of a party, who, when not a payee or endorsee will make a blank endorsement on a promissory note.   Carver v. Weaver, 5 Massachusetts, 546. There being another cause before the court involving the same question, on a note negotiable, we are of opinion that the doctrine stated above, is applicable as well to notes which may be negotiable like inland bills of exchange, as to notes which are not negotiable.   Judgment affirmed.

*Opinion by Tompkins Judge.*

I believe that the Powells ought not to be regarded as makers of the note sued on.