PERRY, Respondent, *vs.* BARRET, Appellant.

1. A party who writes his name on the back of a note, payable to another, is *prima facie* liable as a joint maker.
2. If a plaintiff, in his petition, charges the defendant as *guarantor* of a note, he cannot recover against him as *surety*, although the defendant sets up in his answer that he is surety, and although the contract of a surety is more onerous than that of a guarantor.
3. The contract of a guarantor is different from that of a surety.
4. Under the act concerning securities (R. C. 1845) a surety will not be discharged by the fact that the creditor whom he has notified to commence suit against all the parties liable, does not join him in the suit.
5. Nor by the fact that a co-security, who is a non-resident of the state, is not proceeded against.

*Appeal from St. Louis Court of Common Pleas.*

This was an action commenced in August, 1851, by Charles A. Perry against Richard F. Barret. The petition charged the defendant as guarantor of a note executed by William J. Barret, payable to Ross and Harper, and by them indorsed to the plaintiff, upon the back of which the defendant and Hiram Rich wrote their names in blank, before its delivery to Ross and Harper. The petition stated that the note was presented to William J. Barret for payment at its maturity, and payment refused, of which demand and refusal defendant was notified.

The defendant, in his answer, denied that he wrote his name on the back of the note as guarantor, but alleged that his undertaking was that of a surety, and that Hiram Rich was his co-surety. He denied any knowledge or information sufficient to form a belief as to the demand and refusal of payment charged in the petition. In a supplementary answer, filed by leave of court, he stated that, after a right of action accrued upon the note, he notified the plaintiff forthwith to commence a suit against the principal debtor and all other parties liable thereon, and that the plaintiff failed to do so within the time required by statute.

On the trial, it was proved that the consideration of the

notes was goods sold by Ross and Harper to William J. Barret, and that the defendant and Rich placed their names on the back of the notes before delivery, as sureties of William J. Barret.

The defendant then proved the service upon the plaintiff, in the summer of 1851, of a notice to commence suit forthwith upon the note.

The plaintiff, in rebuttal, introduced the record of a suit commenced upon this note on the 24th of December, 1850, by Robert H. Stone against William J. Barret, Richard F. Barret and Hiram Rich. The summons in that suit was returned served as to the two Barrets and "not found" as to Rich. The record showed a discontinuance of the suit as to Richard F. Barret and H. Rich, and a judgment against William J. Barret on the 30th day of October, 1851, upon which an execution was issued and returned " *nulla bona.*" It was shown that the note was indorsed to Scott merely for collection, and that he had no interest in it. It was also proved that H. Rich resided at Fort Leavenworth, in the Indian territory, at the time the note was made, and had continued since to reside there.

The court gave the following instruction to the jury, at the instance of the plaintiff :

1. If a suit was instituted on the note in question in the name of Robert H. Stone against William J. Barret, Hiram Rich, and the defendant in this suit, at the time shown by the record in said case read in evidence—if judgment was recovered against said William J. Barret, as shown by said record—and if the writ in that case was returned by the sheriff "not found" as to said Rich, and an execution was taken on said judgment against William J. Barret, and a return was thereon made of *nulla bona*—and if the said writ, judgment and execution were before the defendant gave the notice to bring suit which he has read in evidence, and if said Rich, ever since the making of said note, has resided without the jurisdiction of this state, and in the Indian country, and if said Stone instituted

10—VOL. XVIII.

said suit as the agent of the plaintiff, then the plaintiff was not required to bring or institute any other suit against the parties to said note after said notice was given, to entitle him to recover.

The court, of its own motion, gave the following instruction:

2. If the jury believe from the evidence, that the defendant, at the time of the making of the note in question, or prior to the delivery thereof to the payees, wrote his name on the back thereof, and that the payees indorsed the said note to the plaintiff, Perry, in trust for their creditors; that afterwards Perry indorsed said note to Robert H. Stone, merely as his agent to collect the same, then they will find for the plaintiff, and assess the damages at the amount of said note, with interest from the expiration of six months from the date thereof; unless the jury further find that, after a cause of action accrued on said note, the defendant requested in writing the plaintiff forthwith to commence suit against the maker of said note and other parties liable thereon, and the plaintiff did not commence such suit, within thirty days after the service of such notice, against William J. Barret, Hiram Rich and the defendant, and proceed in the same with due diligence, in the ordinary course of law, to judgment and execution.

There was a verdict and judgment for the plaintiff.

*A. & L. A. Buckner*, for appellant. 1. The appellant is not liable as a guarantor or joint maker. *Tillman* v. *Wheeler*, 17 J. R. 325, 15 J. R. 425. 11 Mass. 440. 13 J. R. 175. 14 J. R. 349. He is only liable as indorser, and is entitled to notice of demand and refusal. Demand and refusal were alleged in the petition, but not proved. *Hall* v. *Newcomb*, 7 Hill, 416. Story on Bills, §284. The principle decided in the case of *Powell* v. *Thomas*, 7 Mo. R., should not be applied to negotiable notes under our statute. 2. The defendant is discharged by the failure of the plaintiff after notice to prosecute a suit with diligence against all the parties liable. It is no excuse for failure to prosecute Rich that he was a non-

resident. Under the new practice (article 5, sections 3, 8 and 13) he could have been served with process by the use of ordinary diligence. The object of the statute, in giving to the surety this right of notice, is to enable him to enforce payment by his principal, or contribution against his co-securities, in a summary manner, after paying the judgment recovered against all of them. 3. The petition charged the defendant as guarantor, and the proof showed a different contract, and therefore the plaintiff was not entitled to recover.

*Todd & Krum,* for respondent. 1. The defendant is liable as a maker or original promisor. 7 Mo. Rep. 440. 8 Pick. 122. 2. If he be regarded as a surety, he is liable under the proof. The plaintiff was not obliged to pursue Rich, who was a non-resident. 7 Mo. Rep. 297.

GAMBLE, Judge, delivered the opinion of the court.

1. Some of the questions which have been argued in this case, have been considered and decided in the case of *Lewis & Brothers* v. *Harvey & Stewart,* which was before this court on the docket of the present term. To the opinion in that case, reference is made, for the settlement of the questions which are there decided, and which are presented in this case.

2. This case has some features which are peculiar. The defendant, Barret, put his name upon the back of a negotiable promissory note, made by Wm. J. Barret, payable to Ross & Harper, and which was made for the purpose of securing Ross & Harper in part for the amount of a stock of goods sold by Ross & Harper to Wm. J. Barret. Upon this note the plaintiff, who is an indorsee of the note, files his petition against the present defendant, charging him as guarantor of the note of Wm. J. Barret. The defendant answers, denying that he became a guarantor for the payment of the note, but alleges that he put his name on the back of it as " the surety of the said Wm. J. Barret;" and he not only repeats, in his original an-

swer, the statement that he was security, but, in an amended answer, he sets up, as a defence, that he was surety and that he notified the plaintiff, under the statute, to commence an action against all the parties to the note, and that the plaintiff had failed to commence such action within thirty days after the service of the notice. The instructions of the court treat the contract of the defendant as a suretyship, as the defendant, himself, treats it in his answer, and the defendant is held liable if he wrote his name on the back of the note, at the time of its being made or prior to the delivery to the payees, unless he had been discharged by the failure to bring suit, as required by the notice. We have, then, a petition that states the legal effect of the defendant's contract to be a guaranty of the payment of the note, and its language is not set out, nor is it proved that any words were written over the defendant's signature, and yet the case is always treated by the defendant and the court as a case of surety. That the facts of the case would have warranted the plaintiff in charging the defendant as a maker of the note, as surety for Wm. J. Barret, is evident, as well from the defendant's answer as from his conduct in giving the notice in which he describes himself as security; but whether the plaintiff is entitled to recover upon these facts, and upon the law applicable to them, when his petition charges the defendant with a contract of a different character, is another question. Different forms of indorsements on notes have been held to subject the parties making them to liability as makers of the notes; as, where A. made a note payable to B. or order, and, at the same time, C. and D. indorsed on the back of the note " For value received, we jointly and severally undertake to pay the money within mentioned to B.," it was held, that each of the indorsers was to be treated as a joint and several promisor with A. on the note, as if he had, on the face of the note, signed the same as surety. *White* v. *Howland*, 9 Mass. Rep. 314. An indorsement on a note by a third person, in these words, " For value received, I guaranty the payment of the within

Perry *v.* Barret.

note and waive notice of non-payment," has been held to bind such third person as a joint and several maker, as if he had signed the note as surety. *Luqueer* v. *Prosser*, 1 Hill N. Y. Rep. 256. So, an indorsement in these words, "This may certify, that I guaranty the payment of the within note," has been held to bind the third party as a joint and several maker. *Hough* v. *Gray*, 19 Wend. Rep. 202. These instances may suffice to show, that a party putting his name on the back of a note, may be held to be a maker, and liable as such, although he uses the word "guaranty" in his indorsement. But, in the present case, the plaintiff himself alleges that the legal effect of the indorsement by the defendant was, to make him a guarantor and not a maker or promisor. If, then, the plaintiff has set out one contract in his petition, as made by the defendant, he cannot recover upon a different contract, although the defendant, in his answer, sets up such different contract, and although such other contract is more onerous upon the defendant than that declared upon. If the plaintiff had amended his petition so as to agree with the defendant's answer in the statement of the contract, there would appear to be little difficulty in his recovering. It is evident that the court treated the case as the answer of the defendant set it out, and not as the petition stated it.

3. Is the contract, the legal effect of which is a guaranty of the payment of a note, different from the contract of a surety? When there are no special terms of the guaranty set out, and it is merely alleged that the party became guarantor for the payment of the note, the contract is collateral to the note itself, and binds the guarantor to pay the money specified in the note, if it has been presented to the maker and he has refused to pay it. If the guarantor has not received notice of the dishonor of the note in a reasonable time, he is allowed to use such laches to defend himself against his contract, to the extent that he has been injured by want of the notice. *Oxford Bank* v. *Haynes*, 8 Pick. Rep. 428. *Gibbs* v. *Cannon*, 9 Serg. & R. 198.

*Gamage* v. *Hutchins*, 23 Maine, 565. In *Oxford Bank* v. *Haynes*, Chief Justice Parker says, " That a guarantee differs in character from a surety, cannot be questioned, for he cannot be sued as promisor, as the surety may ; his contract must be specially set forth. That he differs from an indorser is equally clear, and for the same reason ; and also, because he warrants the solvency of the promisor, which the indorser does not. There are cases which adopt a distinction which is reasonable and just, in which the guarantee is discharged only by the joint effect of negligence on the part of the holder, and an actual loss or prejudice to the guarantee, in consequence of that negligence." The court, then, erred in its instructions, which treated the case as one of suretyship, and not as the plaintiff himself had made it, as one of guaranty.

4. In relation to the point made upon the notice given by Barret to the holder of the note, to commence suit thereon against all the parties liable, it may be sufficient to say that, when that notice was given, a suit was instituted and pending against all the parties liable on the note ; that the defendant, as well as William J. Barret, the maker of the note, were served with process, and that Rich, who is called in the defendant's notice his co-surety, resided in the Indian country, out of the limits of the state. That action resulted in a judgment against Barret, the maker, and a return upon the execution of *nulla bona ;* it was discontinued, as to the defendant, and as to Rich, who was not served with process. The object of the statute is, to secure the party giving the notice against liability to pay the money when it might be collected from the principal ; or more than his proportion, when it is to be collected from several co-securities. It is not an important advantage to the security giving the notice that he, himself, should be included in the action as defendant, and should have a judgment rendered against him ; for, in the action brought against the other parties, the plaintiff, in order to hold the notifying security bound, must proceed with diligence to collect

the money.   In a case in which a co-security is non-resident, as in the case against Rich, the plaintiff is not bound to send a notice to his residence to be served upon him, nor to proceed by publication, under article five of the code of practice ; for such proceeding would delay the suit against the other parties, and, besides, such unusual proceeding is not within the contemplation of the act relating to securities.   *Hughes* v. *Gordon*, 7 Mo. Rep. 297.

The judgment is reversed, and the cause remanded for further proceedings.