PHILLIPS, Appellant, v. RILEY, Respondent.

1. A surety in a promissory note, who gives notice to the payee to commence suit forthwith against the principal, a non-resident of the state, is not exonerated from liability by a failure of such payee to commence suit within thirty days after such notice. (See R. C. 1855, p. 1454.)

*Appeal from New Madrid Circuit Court.*

The following is the notice referred to in the opinion of the court : " Sir—You are hereby required forthwith to commence suit against Richard Phillips, principal in a certain note held by you, signed by said Phillips as principal and by the undersigned as security, dated 1st of February, 1855, and payable twelve months after date, for four thousand dollars, for value received. [Signed] Amos Riley."

*U. Wright*, for appellant.

I. Notice by security to sue a principal who is a non-resident of the state, may be disregarded by the creditor because not embraced by our statute. (18 Mo. 146; 7 Mo. 297. No extra-territorial activity can be imposed upon the creditor, nor within the state can any extraordinary process be exacted of him. The only right of the security is to hold the creditor to diligence according to the " ordinary course" of law.

*S. T. & A. D. Glover* and *R. S. Hart*, for respondent, cited Indiana Laws, 1838, p. 234 ; 5 Blackf. 311; Ill. Stat. 1856, p. 1083 ; 18 Ill. 249 ; 18 Ohio, 56 ; 2 Ky. Stat. 1834, p. 1441 ; 3 Dana, 160 ; 9 B. Monr. 432 ; 5 Leigh, 153 ; 17 Mo. 399 ; 18 Mo. 140 ; 7 Mo. 297.

RICHARDSON, Judge, delivered the opinion of the court.

The plaintiff commenced a suit on the 21st of August, 1857, on a promissory note, executed by Richard Phillips as principal, and the defendant Riley as his surety, for four

thousand dollars, due the 1st of February, 1856. There was no service on Phillips, and the plaintiff discontinued as to him, but the summons was served on the defendant the day it issued. The only defence set up was that the defendant on the 8th of July, 1857, had caused a notice to be served on the plaintiff requiring him to commence suit immediately against the principal in the note, and that he had neglected to commence suit within thirty days after the notice. The case was tried by the court without a jury. The only evidence offered on either side was the note, the notice and service thereof, the summons in the cause, and the testimony of the defendant himself that the principal in the note was a non-resident of the state; and on these facts judgment was rendered for the defendant.

There is no conflict in the testimony, but a total absence of any proof whatever to support the judgment. The notice of the 8th July did not simply require the plaintiff to commence suit on the note, but that suit should be commenced against Richard Phillips, the principal, who was a non-resident of the state. The defendant had no cause to complain that he was not sued sooner, and he could not by his notice compel the plaintiff to go out of the state to sue the principal. (Hughes v. Gordon, 7 Mo. 297; Perry v. Barrett, 18 Mo. 180.) There could be no dispute about the facts, for they are very few and simple, and the error of the court was clearly in the application of the law to the facts.

We all agree in the law of the case and that the judgment was for the wrong party; but Judge Scott thinks that nothing was saved by the plaintiff to authorize the interference of this court. Judge Napton concurring, the judgment will be reversed and the cause remanded.