John O. Butler, Respondent, *v.* Henry Gambs, Administrator of S. W. Toomer, Appellant.

### March 21, 1876.

1. One who, at the request of the payee and holder of a note, adds his name to those of the original makers in order to induce another to purchase it, - is liable to the purchaser in the same manner as if he had been an original maker thereof.

2. Mere discontinuance of an advertisement for the sale of real estate under a deed of trust to secure a note is not such a giving of time to the principal debtor as will discharge other makers of the note.

Appeal from St. Louis Circuit Court. .

· *Affirmed.*

, *Ellis & Sullivan,* for appellant, cited : Rickey *v.* Dameron, 48 Mo. 61 ; Kuntz *v.* Temple, 48 Mo. 71 ; Chitty on Bills, 227 ; Story on Prom. Notes, secs. 121, 133, 467, *n* 3, 474, *n* 2 ; Herring *v.* Woodhull, 29 Ill. 92 ; Schmidt *v.*

Schmaelter, 45 Mo. 502 ; Vane *v.* Richardson, 36 Mo. 130 ;
Cook *v.* Renick, 19 Ill. 598 ; Ivory *v.* Bank of Missouri, 36
Mo. 475 ; Turk *v.* Stahl, 53 Mo. 437 ; Deitz *v.* Corwin, 35
Mo. 376 ; Merchants' Bank *v.* Easley, 44 Mo. 186 ; Stagg *v.*
Linnerfelser, 59 Mo. 336 ; Tenny *v.* Prince, 4 Pick. (Mass.)
385 ; Champion *et al. v.* Griffith, 13 Ohio, 228 ; Robinson
*v.* Abell *et al.*, 17 Ohio, 36 ; Seymour *v.* Mackey, 15 Ohio
St. 515 ; Union Bank *v.* Willis, 8 Metc. (Mass.) 504 ;
Powell *et al. v.* Thomas, 7 Mo. 441 ; Albridge *v.* Turner, 1
Gill & J. (Md.) 427 ; Story on Prom. Notes, secs. 458,
460 ; Rucker *et al. v.* Robinson *et al.*, 38 Mo. 154 ;
McCune *v.* Belt, 38 Mo. 282 ; Doyle *v.* Doyle, 97 Mass.
208 ; Newsam *v.* Finch, 25 Barb. 175 ; German Savings
Bank *v.* Helmrick *et al.*, 57 Mo. 100 ; Hosea *v.* Rowley,
57 Mo. 357 ; Hotchkiss *v.* Mosher, 48 N. Y. 478 ; Hanney
*v.* Pell, 3 E. D. Smith (N. Y.), 432 ; Edw. on Ref. 152 ;
Lewis *v.* Harvey, 18 Mo. 74 ; Baker *v.* Black, 30 Mo. 225 ;
Beidman *v.* Gray, 35 Mo. 282 ; Deitz *v.* Corwin, 35 Mo.
376 ; Buckner *v.* Liebig *et al.*, 38 Mo. 188 ; Bunce *v.* Beck,
43 Mo. 266 ; Western Benevolent Assn. *v.* Wolff, 45 Mo.
104 ; Napper *v.* Blank, 54 Mo. 131 ; Moies *v.* Bird, 11
Mass. 436 ; Otto *v.* Bent, 48 Mo. 23.

*Slayback & Haeussler,* for respondent, cited : Henery *v.*
Marsberry, 57 Mo. 399 ; Miller *v.* Mellier, 59 Mo. 388 ;
Weller *v.* Ranson, 34 Mo. 362 ; Ferguson *v.* Turner, 7 Mo.
497 ; Globe Ins. Co. *v.* Carson, 31 Mo. 218 ; Headlee *v.*
Jones, 43 Mo. 235 ; Nichols *v.* Douglas, 8 Mo. 49 ; Ford *v.*
Beard, 31 Mo. 459 ; Driskell *v.* Matur, 31 Mo. 325 ; Hawkins *v.* Redenham, 13 Mo. 125 ; Hose *v.* Rowley, 57
Mo. 357.

GANTT, P. J., delivered the opinion of the court.

Butler presented for allowance in the St. Louis Probate
Court, against the administrator of Toomer, a note of the
following tenor : 

" $2,000.   Six months after date, for value received, we,
or either of us, promise to pay to the order of Lewis Hite

$2,000, with interest at the rate of 10 per cent. per annum from date until paid.

[Exhibit A. James Hyatt, N. P.]  " B. RUFFNER.

" J. L. RUFFNER.

" F. RUFFNER.

" S. W. TOOMER.

(Indorsed as well as signed)—" LEWIS HITE."

" February 22, 1867."

On the back of which appears the following credit (it is described in the bill of exceptions under the abbreviation " clk"): " Received, August 24, 1867, on the within, thirteen hundred dollars.        J. O. BUTLER."

The claim was disallowed by the Probate Court. An appeal was taken to the Circuit Court, and the case was referred to Judge Reber, as referee. He filed a report, and on January 22, 1875, it was confirmed by the Circuit Court, giving judgment against the estate of Toomer, in favor of Butler, for the sum of $1,513.25, and 10 per cent. interest. The usual motions were made to set this judgment aside, and this appeal is prosecuted to reverse it.

It appears, by the bill of exceptions, that this note was secured by a deed of trust when originally made. It was originally executed by the three Ruffners only. Three months after its date Hite wished to sell it, and offered it to Butler; who declined to buy unless " the security of other names" were given; whereupon, this fact being explained by Hite to Toomer, he signed the note, which had already been indorsed by Hite, and also signed by him on its face, and the note and deed of trust were then delivered to Butler, who paid value therefor to Hite. Toomer received nothing for signing. He executed the note for the accommodation of Hite, and in compliance with respondent's desire for more security. The sum of $1,300 was paid on August 24, 1867. The note was not protested, and no notice of demand and refusal was given to Toomer. Afterwards, the property being advertised under the deed of

trust, B. Ruffner paid the costs of advertisement, and promised to pay the balance of the note in a short time, and thereupon Butler discontinued the advertisement, and put off the sale. These facts appeared by the report of the referee. The court confirmed the report, notwithstanding the objections of Toomer's administrator, who excepted to it for the following reasons :

1. That it was against the law and the evidence.

2. That the referee refused to give defendant's instructions.

3. Because the conclusions of law announced by the referee are erroneous.

4. Because the referee illegally took the testimony of plaintiff as to what the deceased said. The court overruled these exceptions, and defendant excepted, and appealed to the general term and to this court.

The appellant makes three points before this court. He contends that Toomer signed the note as indorser or guarantor ; that he did so without consideration, and, if he was a guarantor, he is, for that reason, not liable ; if he was an indorser, he is discharged for want of demand and notice of non-payment when the note matured ; and that he was discharged by Butler, the holder, giving time to the principal debtor, Ruffner.

1. The counsel for appellant press these points with great ingenuity and zeal. Their argument is extremely elaborate, and displays great industry as well as acuteness. We are compelled to decide against them, nevertheless. The facts are too strong for them.

Toomer signed the note as joint maker. He consented to do this with a full knowledge of all the facts. He did it with his eyes open, in order to induce Butler to discount the note. He did it at the request of Hite. There can be no doubt that, as between him and Butler, there was a perfectly good and valuable consideration. As to the relation between him and Hite we express no opinion, and are not

called on to express any. We only refer to these relations because it is plain that what is said in the report of the referee on the subject of there being no consideration for the signature of Toomer refers to a consideration moving from Hite to him.

2. Forasmuch as Toomer was a joint maker of the note, or assumed towards Butler the responsibilities of a joint maker, in order to induce him to discount the note—all of which is undeniable—no question can arise of the necessity of a protest to fix the liability of Toomer. As to him a protest would have been wholly unmeaning.

3. There was no agreement made between Ruffner and Butler by means of which Butler's right of action on the note was suspended for a moment. All that was done was to discontinue an advertisement for the sale of some land conveyed by deed of trust to secure the payment of this note.

4. We find nothing in the testimony of Butler preserved in the bill of exceptions which is liable to the objection urged by appellant. It is proper to say that this point, though among the reasons assigned for setting aside the report of the referee, is not pressed in the argument before us.

The first cases in which the Supreme Court of Missouri had occasion to examine the relations occupied by persons who, after the execution of a note, became parties to it otherwise than as indorsers, were decided in 1842. *Hooper* v. *Pritchard*, 7 Mo. 492 ; *Powells* v. *Thomas*, 7 Mo. 440. In those cases the Supreme Court of Missouri declared very plainly that any one, not previously a party, signing a note, either on the face or back of it, made himself absolutely liable to pay the contents of the note to the holder. The Supreme Court on that occasion adopted, without reserve, the views entertained by the Supreme Court of Massachusetts on this subject, and even used the language of the last-named court to emphasize its concurrence. *Moies* v. *Bird,*

11 Mass. 440 ; *Baker* v. *Briggs*, 8 Pick. (Mass.) 122. It also approved of other authorities to the same effect, cited on that occasion by the counsel for the appellee. The Supreme Court of Missouri then consisted of Judges Tompkins, Scott, and Napton. Ten years later, when it was presided over by Judges Scott, Gamble, and Ryland, similar views were expressed. *Perry* v. *Barret*, 18 Mo. 140. And no dissent from them has since occurred. That court has always held that the relation of parties to a note, to each other and the holder, is to be determined by the character they assume on becoming such parties—to the position they take on the instrument. If a negotiable note be executed by A and B, in favor of C, and then D puts his name, whether on the face or the back of it, D is *prima facie* liable to C as co-maker. It may be shown by evidence that he signed the paper merely at the request, and for the accommodation, of C, in order to facilitate its negotiation. In such case he may be, and naturally would be, only the surety of C. But, to any one taking the paper thus signed upon the faith of his signature, he would be liable as maker. Stress has been laid, in this case, on the fact that Toomer signed this note three months after it was executed by Ruff-ner. So far as Toomer's obligation to Butler was concerned, we think this circumstance gives point and distinctness to it. It may be said, with all strictness, that Toomer requested Butler to discount this paper for his friend Hite ; and, to induce him to comply with the request, consented to, and did, sign the note as co-maker of it. He thus consented to assume all the liabilities which had already been incurred by the other makers towards any one who, after his signature, secured the note from Hite by indorsement. It was entirely competent for Toomer to make such a contract. It rested upon a full and valuable consideration. He is shown to have made it. There is no conceivable reason why he should not be held to it.

The Supreme Court of Missouri has refused to permit

parties who, for the accommodation of any party to a note, have signed the same as successive indorsers, to change the relations between the successive accommodation indorsers, by the suggestion that they are all sureties, and, therefore, liable as among themselves to contribution. *McCune* v. *Belt*, 45 Mo. 174. Of course, if any special contract be shown as to the relations to be occupied towards each other by the maker and indorsers of a promissory note, or the drawer, acceptors, and indorsers of a bill of exchange, effect will be given to such contract. But, in the meantime, they are all liable to third persons, according to the tenor of the commercial instrument they have signed. In the case before us, the simplicity and clearness of the proof on these heads leave nothing to be desired.

The judgment of the Circuit Court is affirmed, all the judges concurring.