JOHN L. BEVERIDGE, Respondent, *v.* L. L. RICHMOND, Appellant.

### November 20, 1883.

BILL OF EXCHANGE — ACCOMMODATION ACCEPTOR. — An accommodation acceptor of a draft is bound to pay the draft, though it is not presented for payment until long after its maturity and after the drawer has become insolvent.

APPEAL from the St. Louis Circuit Court, THAYER, J. *Affirmed.*

BROWN & YOUNG, and UPTON M. YOUNG, for the appellant.

HENRY E. MILLS, for the respondent: Knowledge that the bill was accepted for accommodation does not affect the right of the holder for value to recover from the acceptor. — Dan. Neg. Inst., sects. 790, 786, 1335, 1336, and cases cited, note 1; Story on Bills, sects. 191, 194, 253, 423; *Cromise v. Kellogg*, 20 Ill. 13. No delay in proceeding against the drawer can affect the liability of the acceptor to the holder. — *Miller v. Mellier*, 59 Mo. 388; Dan. Neg. Inst., sects. 546, 1326. Richmond was not a surety. He was principal debtor. — Dan. Neg. Inst., sects. 1334, 1335a; *Cromise v. Kellogg*, 20 Ill. 11; *Prout v. Lomer*, 79 Ill. 332.

THOMPSON, J., delivered the opinion of the court.

The question in this case is whether the plaintiffs are entitled to recover on the following agreed statement of facts: " A firm of Tryber & Sweetland, of Chicago, Illi-

nois, on the 15th of June, 1882, drew their certain bill of exchange, whereby they directed L. L. Richmond, twenty-five days after date, to pay to the order of themselves, meaning Tryber & Sweetland, $300, and addressed the same to the defendant, L. L. Richmond, St. Louis, Missouri; that said L. L. Richmond, in writing, accepted the same for the accommodation of said drawers, on the face, on June 16, 1882; that said bill was returned by said Richmond to said Tryber & Sweetland at Chicago, for negotiation there, and said Tryber & Sweetland, for value, indorsed said bill on the 19th day of June, 1882, to plaintiffs, who are bankers in the city of Chicago, Illinois; that plaintiffs knew that Tryber & Sweetland had obtained the acceptance from Richmond as an accommodation to them (Tryber & Sweetland); that said Richmond had previously had business dealings with Tryber & Sweetland in buying sewing machines from them, and had previously accepted drafts drawn by them and payable prior to his indebtedness to them becoming due; that plaintiffs, from the peculiar and confusing manner in which the word "twenty-five" was written, mistook the word for seventy-five, and did not present the same to Richmond for payment until the expiration of seventy-five days from date; that, at the expiration of twenty-five days from date, the drawers were solvent and carrying on business, and that their business relations with Richmond were such that, if the same had been presented to Richmond at the end of twenty-five days from date, the same would have been paid by Richmond without loss to himself; that in the interval between the twenty-five days and the seventy-five days, the firm of Tryber & Sweetland failed, owing Richmond an amount in excess of $300. The bill of exchange was not presented at its true date of maturity, and was not presented and protested until fifty days after."

Upon these facts the circuit court gave judgment for the plaintiffs, and we are clear of doubt that this judgment

ought to be affirmed. Nothing is better settled in this state than that a party to a negotiable instrument stands liable to the holder thereof in the character which he has assumed under the law merchant by putting his name to the paper, in the absence of a special contract or understanding between him and the holder that he shall be liable in some other character. *Boyer* v. *Boogher*, 11 Mo. App. 130; *Butler* v. *Gambs*, 1 Mo. App. 466; *Miller* v. *Mellier*, 59 Mo. 388. The acceptor of a bill of exchange is not a surety. As between him and the payee, his engagement is not a collateral, but an original and direct, undertaking. The payee accepts the acceptor as his debtor, and he can not resort to the drawer except upon a failure of due payment by the acceptor. *Raborg* v. *Peyton*, 2 Wheat. 385. And this relation is not changed by reason of the fact that the acceptance was for the accommodation of the drawer, and that the payee knew this before he purchased the paper.

The relation of this defendant, then, to the plaintiffs became, by his acceptance of the bill, that of an original debtor. The question which follows from this statement of the law is: Was such a thing ever heard of as that a creditor loses his remedy against his debtor by not demanding payment on the day when the debt fell due? The creditor is at liberty to delay his demand, and take the risk of his debtor becoming insolvent, or of the demand becoming barred by the statute of limitations. The debtor, on the other hand, must stand ready to pay when payment is demanded. Nor is the creditor bound to accept payment when it is tendered; nor does he lose his debt by not accepting it, though his refusal to accept it when tendered will stop the running of interest.

The judgment is affirmed. All the judges concur.