W. KOENIG ET AL., Appellants, v. R. BRAMLETT ET AL., Respondents.

St. Louis Court of Appeals, February 9, 1886.

NEGOTIABLE INSTRUMENTS — INDORSERS — GUARANTORS — ACTIONS. One who indorses upon the back of a promissory note a guaranty to pay the same and any renewals thereof, and a waiver of protest demand, and notice, can not require the holder to bring suit forthwith against the maker.

APPEAL from the Howell County Circuit Court, J. R. WOODSIDE, Judge.

*Reversed and remanded with directions.*

O. B. GIVENS, for the appellants.

A. R. TAYLOR, for the respondents.

THOMPSON, J., delivered the opinion of the court.

This was an action upon a promissory note against the defendants as joint makers. Bramlett made no answer, and there was a judgment by default as against him. Maxey answered, setting up that he was a surety on the note; that as such surety, he did, "on the third day of January, 1885, and after an action had accrued on said note, require the plaintiff, in writing, forthwith to commence suit against the principal debtor, Bramlett, which said notice was duly received by the plaintiff, and the plaintiff failed, refused, and neglected," so to bring suit within the time so required by the statute, whereby this defendant was discharged.

It appeared in evidence at the trial that the note was of the following tenor:

"$103.00.            WEST PLAINS, Mo., January 4, 1884.

"On or before the first day of January, 1884 (should read 1885), I promise to pay to the order of Aultman, Miller & Co., one hundred and three dollars for value received, in one Buckeye Dropper, payable at the office of J. H. Maxey, in West Plains, Mo., with exchange on St. Louis or New York, and interest from August 1, 1884, at the rate of eight per cent. per annum until paid.

"RUFUS BRAMLETT."

It also appeared that the indorsement of the defendant Maxey thereon was as follows:

"For value received I hereby guarantee the payment of the within note, and any renewal of the same, and hereby waive protest, demand, and notice of demand and non-payment.

"J. H. MAXEY."

It also appeared in evidence that, on the third day of

January, 1885, the defendant Maxey mailed to the plaintiffs the following letter:

"West Plains, Mo., January 3, 1885.
"Wm. Koenig & Co.:

"Dear Sirs—Yours in regard to Barnett note received. In reply, I have to say that Mr. Barnett is good; also, all the others are good. All notes I took for you, with the single exception of Rufus Bramlett, and as his indorser, I now hereby notify you to take legal steps to make your money. I will be prepared in about ten days to make a full settlement with you, and will then remit what I owe you.

"Yours truly,
"J. H. Maxey."

It also appeared that the plaintiffs replied, acknowledging the receipt thereof, but that, nevertheless, they failed to bring suit upon the note against the maker, Bramlett, until the twenty-seventh of April, 1885, more than thirty days after the receipt of this notice.

The statute, under which the defendant Maxey claims to be discharged, is as follows: "Any person bound as surety for another in any bond, bill, or note, for the payment of money or delivery of property, may, at any time after an action has accrued thereon, require, in writing, the person having such right of action, forthwith to commence suit against the principal debtor and other parties liable." Rev. Stat., sect 3896. "If such suit is not commenced within thirty days after the service of such notice, and proceeded in with due diligence, in the ordinary course of law, to judgment and execution, such surety shall be exonerated from liability to the person so notified." Ibid., sect. 3897.

Upon this state of facts, in respect of which there was no contradictory evidence, the court sitting as a jury, gave a declaration of law to the effect that the defendant Maxey was discharged, and entered judgment in his favor. Whether, upon the above state of facts, the judg-

ment was properly entered in his favor, is the only question in the case.

We are of opinion that, upon the above state of facts, the defendant Maxey was not discharged as a surety on the note; for the reason that his contract of suretyship, indorsed on the back of the note, was a special contract; and although the use of the word "guarantee" therein, does not prevent him from being sued as a joint maker, (*Luqueer v. Prosser*, 1 Hill (N. Y.) 256; *Hough v. Gray*, 19 Wend. 202; *Perry v. Barret*, 18 Mo. 140, 145), yet, he is entitled to no greater rights as a surety than his contract gives him; and by this contract he not only guarantees the payment of the note, but he guarantees the payment of any renewal of the same. This language necessarily implies that he guarantees the payment of the debt evidenced by the note, and that he agrees in advance to such extensions of time to the principal debtor as the holder of the note may see fit to make. A guarantee of any renewal of the note is tantamount to an agreement in advance to consent to an extension of the time of payment of the debt. By this contract the defendant Maxey, therefore, waived the right to the benefit of the statute, and as he could not change his contract without the consent of the other contracting party, the plaintiffs were not obliged to bring suit against Bramlett within thirty days after receiving his letter, even conceding that the letter was a sufficient notice under the statute, which point we do not consider.

Being of opinion that, by the terms of his contract of suretyship, the defendant Maxey had waived the right to claim the benefit of the statute, we reverse the judgment of the circuit court, and remand the cause with directions to enter judgment against the defendant Maxey, as well as the defendant Bramlett. It is so ordered. All the judges concur.