## HAYWARD V. FULLERTON.

1. Surety: CONSENT TO EXTENSION OF TIME: LIABILITY. A surety on a note, who, after it is due, makes a payment thereon, and, acting at the instance of the principal, indorses thereon an extension of time at an increased rate of interest, does not thereby render himself liable as a principal debtor.

2. ———: NOTICE TO SUE: REMOVAL OF PRINCIPAL FROM STATE: DISCHARGE. Where the holder of a note neglects either to bring suit thereon, or to allow the surety so to do, when requested according to statute, the surety will be discharged, notwithstanding the principal has removed from the state. (Code, secs. 2108, 2109).

3. Evidence: SECONDARY: ON POINT ADMITTED. The admission of secondary evidence upon a point alleged in the answer, and admitted by plaintiff in answer to special interrogatories appended to the answer, is no ground for reversal.

*Appeal from Blackhawk District Court.* — HON. D. J. LENEHAN, Judge.

FILED, OCTOBER 5, 1888.

ACTION upon a promissory note. Trial by jury. Verdict and judgment for defendant. Plaintiff appeals.

*Woodward & Cook*, for appellant.

*M. T. Owens* and *Heber Hoff*, for appellee.

ROTHROCK, J.—I.   The note in suit was executed on the first day of October, 1881, by one C. D. Calkins and the defendant.   It was payable to the plaintiff or bearer in one year from its date, with eight per cent. interest.   Calkins was the principal on the note, and the defendant was his surety.   On the ninth day of October, 1882, the defendant paid $7.25 on the note, and wrote an indorsement thereon in these words:   "Rec'd on the within seven and 25-100 dollars, and extend the within note one year from date, at ten per cent. interest."   The suit was commenced more than one year after the indorsement was made. . The defendant admitted that he was a surety, and denied that the agreement for an extension of time changed his liability from that of a surety.   He further pleaded, and the evidence shows, that on the thirtieth day of September, 1885, he served upon the plaintiff a notice to the effect that he feared that Calkins was about to become insolvent, and requesting the plaintiff to bring suit upon the note, or send the note to defendant, that he might bring suit in plaintiff's name, and at his (defendant's) own expense.   The plaintiff made no response to this notice.   When the evidence in the case was all introduced, the court instructed the jury to return a verdict for the defendant, upon the ground that there was no evidence authorizing a verdict for the plaintiff.

1. SURETY: consent to extension of time: liability.

Counsel for the plaintiff contend that the extension of time indorsed on the note changed the obligation of the defendant from that of a surety to a principal.   It appears from the evidence that the defendant acted in behalf of Calkins in procuring the extension of time. It is true, it does not appear that Calkins authorized the payment of ten per cent. interest in consideration of the extension.   We do not think that by making the payment and securing the extension the defendant made the debt his own. · In Brandt, Sur. sec. 26, it is said that "a surety may, by subsequent dealings between himself and the creditor, become a principal."   This is no doubt correct, but it is apparent from the case cited

in support of the text (*Fluker v. Henry's Adm'r*, 27 Ala. 403) that the author has no reference to a mere contract for extension of time made at the instance of the principal debtor.

II.  It appears from the evidence that Calkins, the principal, had permanently. removed from this state at 2. — : notice the time the notice to bring suit was served to sue: re- moval of prin- upon the plaintiff.   It is contended by cipal from state: dis- counsel for appellee that the statute does charge. not require the holder of a note to pursue the principal to another state in order to avoid a release of the surety.   But this is fairly answered by the statute authorizing the notice to be given.   It provides that if a surety apprehends that his principal is about to become insolvent, or to permanently remove from the state, the surety may by writing require the creditor to sue upon the note, or permit the surety to commence suit in the creditor's name, and at the surety's cost. It is further provided that if the creditor refuse to bring suit, or neglect to do so for ten days after request, and does not permit the surety so to do, and furnish him with a true copy of the contract, and enable him to have the original when requisite in such suit, the surety shall be discharged.   Code, secs. 2108, 2109.   It is apparent that the creditor cannot, under these provisions of law, hold the surety without instituting suit against the principal in another state.   The law imposes no hardship upon him.   He has the option to commence an action himself, or permit the surety to do so.   As sustaining the claim made by plaintiff's counsel, we are cited to *Phillips v. Riley*, 27 Mo. 386, and *Perry v. Barret*, 18 Mo. 140.   These cases have no application to the question.   It does not appear therefrom what the provisions of the statute of that state are upon the subject.   The case of *Conklin v. Conklin*, 54 Ind. 289, and other cases in that state, are also cited.   It appears therefrom that the statute of Indiana does not provide for allowing the surety to commence suit in his own name.   It merely provides for a notice to the holder to bring suit, and if he fails to do so in a reasonable time,

the surety is discharged. These cases are therefore not in point. We think that, as the plaintiff made no response to the notice, the defendant was discharged from his obligation as surety for Calkins.

III. The defendant introduced a copy of the notice in evidence. It was objected that the copy was

**3. EVIDENCE: secondary: on point admitted.** incompetent and immaterial. It appears from the evidence that the original was sent to the plaintiff. The copy was made part of the answer, and it was admitted by the plaintiff in his answer to certain interrogatories propounded to him to be a true copy of the original. Under these circumstances there was no issue as to the notice. It was admitted as alleged in the answer.

AFFIRMED.