JOSEPH DYAR, *et al.*, Executors, Appellants, v. C. SHENKBERG.

**Principal and Surety:** EXTENSION. Surety testified that he did not consent to an extension and did not know that any was given.

2    The note does not provide for annual interest, and indorsements show the payment of such interest at stated intervals. So far as shown, all interest paid had accrued when paid. There was great delay in demanding payment. *Held,* there was no proof of extension releasing the surety.

**Practice: Instructions.** Where there are two defenses and it is charged the plaintiff must recover unless a certain one of them is established, it amounts to a withdrawal of the other defense.

1

*Appeal from Woodbury District Court.*—HON. A. VAN WAGENEN, Judge.

WEDNESDAY, DECEMBER 19, 1894.

Action to recover an amount alleged to be due on a promissory note. There was a trial by jury, and a verdict and judgment for the defendant. The plaintiffs appeal.—*Reversed.*

*Chase, Kean & Sherman* for appellants.

*T. P. Murphy* for appellee.

Robinson, J.—A copy of the note on which this action is brought is as follows: "$1,500.00. Marietta, O., May 15, 1882. Six months after date, for value received, we promise to pay to the order of Joseph P. Dyer fifteen hundred dollars. Payable at the First National Bank of Marietta, Ohio, with interest at seven per cent. per annum until paid. Rodick Bros. C. Shenkberg & Co." On the note are endorsements as follows: "Interest paid for 1883, note given." "Interest paid to

May 15, 1884, $105.00." "Interest paid to May 15, 1885, $105.00." "1886. Interest paid to May 15th, $106.80, June 25." "1887. Paid interest to May 15, one hundred and five dollars." "1888, May 15. Interest paid to date, $105.00." "1889, June 24. Interest paid, $105.00." The plaintiffs are the executors of the estate of the payee of the note, and seek to recover judgment thereon for the full amount which appears to be due. The copartnership, C. Shenkberg & Co., which signed the note, was composed of the defendant and one J. B. Hovey. The latter is named in the petition as a party defendant, but was not served with notice of the action, and has not appeared. Shenkberg admits that his firm signed the note, but alleges that it was so signed as surety after the borrowed money for which the note was given had been paid to the principal, and, that as to the surety it was without consideration. For a further defense, Shenkberg alleges that when the note became due, by its terms, the payee, for a valuable consideration, extended the time of payment at different times, and that the extensions so made were without the consent and without the knowledge of Shenkberg & Co., and of Shenkberg, and that none of the extensions were acquiesced in by them, or either of them.

I. The evidence wholly failed to sustain the defense of a want of consideration for the signing of the note by the surety, and the plaintiffs asked an instruction to the jury to that effect. The instruction was refused, although it might well have been given. But in stating the issues the court, in its charge to the jury, set out only the alleged defense of extensions of times of payment without the consent or acquiescence of the surety, and the jury was instructed that unless the defense, as stated in the charge, was established by a preponderance of the evidence, the plaintiffs would be entitled to a verdict. That neces-

sarily withdrew the other defense from the consideration of the jury, and no prejudice could have resulted from the failure of the court to give the instructions asked.

II.   There was no direct evidence in regard to the extension of the time for paying the note.   The defendant stated, as a witness, that he had not heard of the note until about six or eight months before he testified. Objection was made to the statement, and was overruled.   Without determining that the statement was competent, it will be considered for the purposes of this appeal.   It did not tend to prove more than that the witness had not consented to an extension, and did not know that any had been granted. The appellee relies upon the indorsements upon the note as competent and sufficient to show that extensions had been granted.   But we are of opinion that although the indorsements might have been considered for that purpose, had there been other evidence of an extension, yet, standing alone, they wholly fail to prove that one had been made.   It is true that the payments shown by the indorsements were made at stated intervals for the payment of annual interest, and that the note did not provide for annual payments.   But, so far as shown, the interest had accrued when paid, and the payments only discharged in part an obligation which was fully matured by the terms of the note.   This is shown to have been the case when each of the last four payments was made, and we cannot presume that it was not true of the others.   Demand of payment had not been made upon the defendant until a few months, at most, before this action was commenced, but that alone did not release him from liability.   *Hayward v. Fullerton*, 75 Iowa, 373, 39 N. W. Rep. 651.   Nor did the delay in exacting payment, and the indorsements, together, show an extension, and there is nothing else in this case

which tends to show one.   Some weight is given by the
appellee to the fact that the plaintiffs did not show an
extension had not been given, but it was wholly unnec-
essary for them to do so before evidence sufficient, in the
absence of contradiction, to establish one, had been
introduced.

We think the District Court erred in not instruct-
ing the jury to return a verdict for the plaintiffs.   This
conclusion renders it unnecessary to determine other
questions presented in argument.   The judgment of
the District Court is *reversed.*