SAMUEL COX, Ex'r , etc, Appellant, J. R. JEFFRIES, Respondent.

Kansas City Court of Appeals, January 24, 1898.

1. **Principal and Surety:** EXTENSION OF TIME: SURETY'S ASSUMING OBLIGATION. A mere promise of indulgence to a surety until he can make some arrangement with the principal will not make the surety liable as a principal nor change his relation as security.

2. **Appellate Practice:** ESTOPPEL: THEORY BELOW. ·Where there is no theory of estoppel presented on the trial below, the appellate court can not notice such contention above.

3. **Principal and Surety:** NOTICE OF SUIT: DUTY OF HOLDER OF NOTE. Where the holder of a note receives notice to sue from the surety it is his duty to bring the suit within thirty days in some court where he can obtain service on the principal as well as the surety, and his failure to do so is an election not to sue.

4. ———: ———: DUTY OF HOLDER: NONRESIDENCE OF PRINCIPAL. Where the holder is ignorant of the residence of the principal, upon receiving notice to sue from the surety, it is his duty to use reasonable diligence to ascertain such. residence, and whether he has done so may become a question for the jury; but where the record shows no such diligence, the surety is released and judgment should go accordingly.

*Appeal from the Dade Circuit Court.*—HON. W. M. HOLLAND, Special Judge.

AFFIRMED.

*L. W. Shafer* and *William B. Skinner* for appellant.

(1) The object of the statute providing for exonerations of securities on bonds, bills and notes, upon notice to persons having a right of action thereon, etc., "is to secure the party giving the notice against liability to pay the money when it might be collected from the principal, or more than his proportionate part when it is to be collected from several co-securities." The statute has no application where the insolvency of the principal is conceded. *Perry v. Barret*, 18 Mo. 146, par. 4. (2) Our statute is but substitutionary of the ancient chancery practice by which the exoneration of the security was formerly accomplished, and in applying the same the rules of equity practice should prevail, although the action be one at law. (3) At the request of defendant the plaintiff refrained from

instituting proceedings to collect the note in the spring of 1892, in order that the defendant might have time to get Purdy, for whom he stood security, to pay him and then he would pay plaintiff; and afterward defendant told plaintiff that Purdy, the principal debtor, had agreed to settle the note with him and he, defendant, wanted further time, to which plaintiff agreed and extended time for four years at defendant's request, looking as he says, alone to defendant for payment. On this state of facts defendant waived his right to the benefit of the statute for the exoneration of securities, and he is estopped from pleading the notice he gave plaintiff in this case as a defense to this action. *Koenig v. Bramlett*, 20 Mo. App. 636; *Perry v. Barret*, 18 Mo. 140; Bigelow on Estoppel, 578; *Justice v. Town of Lancaster*, 20 Mo. App. 559.

*Mann & Talbutt* for respondent.

(1) The requirement of section 8343, Revised Statutes 1889, is not complied with by instituting suit, but such suit must be proceeded in with due diligence, in the ordinary course of law, to judgment and execution against the principal debtor. Where the creditor and surety reside in the same county, as in the case at bar, and the principal debtor in a different one, and the amount of the debt is within the jurisdiction of the circuit court, creditor upon receipt of statutory notice must proceed in the circuit court against both principal and surety. He can not in such case take judgment alone against the surety in the justice of peace court. *Sisk v. Rosenberger*, 82 Mo. 46; *Hardy & Mason v. Worthen*, 53 Mo. App. 580; R. S. 1889, sec. 8353. (2) The relation of surety may be shown by the instrument itself or by evidence *aliunde*. *O'Howell v. Kirk*, 41 Mo. App. 523. (3) Appellant contends in his brief that the

object of the statute is to protect the surety against an insolvent principal. The law upon the question is that the effect of the statutory notice is to suspend the absolute obligation of the surety as joint maker and make it conditional only, and that the only way the holder of the note can restore the obligation of the surety to its absolute quality is by proceeding against the principal as the statute requires. Nothing short of strict compliance with the statute can "fix" again the liability of the surety. *Peters v. Linenschmidt*, 58 Mo. 464, 467; *Howell v. Kirk*, 41 Mo. App. 523. (4) Sureties are entitled to technical defenses; they are the favorites of the law. *Brewing Co. v. Hazen*, 55 Mo. App. 277.

SMITH, P. J.—This is an action which was commenced before a justice of the peace by the plaintiff, who is the executor of the estate of Jacob Cox, deceased, against the defendant on a promissory note executed by one J. J. Purdy as principal and the defendant as surety thereon to the said Jacob Cox in his lifetime, for $150 payable one day after date. Shortly after the plaintiff became the executor of the said estate he notified the defendant to pay said note, and the latter requested of the former to indulge him until he could make some arrangement with Purdy in respect to the payment of the note. It seems to be conceded that Purdy was insolvent at that time. The plaintiff let the matter rest at that for about three years. During the meantime Purdy removed to Howell county. The defendant knew the county to which Purdy had removed but whether the plaintiff did or not is disputed. The defendant testified that he had informed the plaintiff where Purdy resided before the commencement of this suit but the plaintiff testified that this was untrue and that while he

knew Purdy had removed from the county of Cedar he did not know to what place.

On February 24, 1896, the defendant, as surety on said note, gave the plaintiff the notice provided by section 8343, Revised Statutes 1889. It is conceded the notice is in all respects formal and sufficient. The plaintiff on the receipt of the notice, which was on the day just stated, commenced suit on said note against both Purdy and the defendant before a justice of the peace of the township of the county in which both plaintiff and defendant resided. It appearing from the return of the constable to the writ that Purdy could not be found, the suit was dismissed as to him and judgment taken against the defendant who appealed to the circuit court where there was a new trial which resulted in judgment for the defendant, and from which judgment the plaintiff has appealed.

The plaintiff first contends that after he agreed to grant the defendant the indulgence requested by him PRINCIPAL and surety: extension of time: surety's assuming obligation. the said note became his individual obligation, and that therefore he (plaintiff) was not required to heed the notice to sue. In support of this proposition the plaintiff cites *Koenig v. Bramlett*, 20 Mo. App. 636. But it will be seen by reference to that case that it does not support the plaintiff's contention, for there the surety by his indorsement on the back of the note had guaranteed "the payment of the note and any renewal of the same." This was held to be a special agreement in advance to consent to an extension of the time of payment of the debt, and by which the surety waived the right to the benefit of section 8344, Revised Statutes. It was further held that as the surety could not change his contract without the consent of the other contracting party, the plaintiff was not bound to bring the suit in the time required by statute after the

receipt of the notice. Where a surety for a valuable consideration agrees with the principal to pay the indebtedness he thereby becomes the principal, and the principal becomes the surety. Brandt on Sur. & Guar., sec. 39; *Chaplin v. Baker*, 124 Ind. 385. And so "where a surety binds himself in terms as principal in the obligation which he signs, he will be held as principal and will not be entitled to any of the rights of surety." It is elemental law that in order that an agreement between the creditor and principal extending the time of payment shall have the effect of discharging the surety or guarantor the *extension must be for a definite time*. Brandt on Sur. & Guar., sec 344. In *Jenkins v. Clarkson*, 7 Ohio St. 72, it was said: "Thus a surety is not discharged by an agreement of a creditor to wait a while longer? It may be a moment, an hour, a day or a year. Who can determine it and on what evidence can it be determined? * * * If such a contract *were valid in other respects it must* be void because no man can tell from the proof what it is and it can not therefore be enforced."

The agreement of the plaintiff to grant the indulgence requested by defendant heretofore referred to amounted to no more than a general promise of indulgence and tied the hands of no one. And so it has been ruled in this state that the giving of time which will discharge the surety is not a mere promise of indulgence, but the act of the creditor depriving himself of the power of suing by something obligatory which prevents the surety from coming into a court of equity for relief, because the principal having tied his own hands, the surety can not release him. *Nichols v. Douglass*, 8 Mo. 49; *Brown v. Kirk*, 20 Mo. App. 524. Now if the agreement to extend the time of payment of the note had been between plaintiff and Purdy the

principal, instead of between the plaintiff and the defendant, the surety, it is clear that neither plaintiff nor Purdy would have been bound thereby, since such agreement was, for the reason just stated, unenforcible. And no reason is perceived why such an agreement is not void and incapable of enforcement as between the creditor and surety.

In the present case the creditor waited for nearly four years for the surety to arrange with the principal and pay the note, but this he failed to do. This fact illustrates the vagueness and uncertainty of the agreement. In *Koenig v. Bramlett, supra,* the guarantor entered into a binding agreement, while here there was none. The two cases are therefore entirely dissimilar. The defendant not having entered into a binding agreement for the extension it follows that he did not become thereby the principal in the note, nor thereby waive his statutory right as surety.

The plaintiff in his brief further contends that the defendant was estopped to claim the rights of a surety as against plaintiff, but as it appears from the instructions no consideration of the case by the trial court was requested on that theory, we can not notice the plaintiff's contention. We may, however, remark that we discover no element of estoppel in the case available to plaintiff.

APPELLATE practice: estoppel: theory below.

It is conceded that the plaintiff knew when he brought his suit before the justice that Purdy was not then within the county and had not been a resident thereof for several years; and that therefore he was beyond the reach of the process of the justice. What, then, was the duty of the plaintiff on receipt of the notice?

The effect of the notice was to suspend the absolute obligation of the defendant as surety and make it

conditional only. The plaintiff could
PRINCIPAL and surety: notice of suit: duty of holder of note. restore this obligation to its absolute quality by commencing suit against Purdy within thirty days after the receipt of the notice and proceeding therein with due diligence in the ordinary course of law to judgment and execution as required by the statute. The amount of the note was within the concurrent jurisdiction of the circuit court and the justice. But as the plaintiff knew that Purdy did not reside in Cedar county and could not be found therein and that he could not therefore be sued in a justice's court in that county, by so suing he chose not to sue him at all. *Sisk v. Rosenberger*, 82 Mo. *loc. cit.* 50. If he had commenced suit against defendant in the circuit court of that county summons could have been sent to Howell county for Purdy.

But the plaintiff insists as an excuse for not commencing the suit in the circuit court that he did not know that Purdy was a resident of this state. Is this a sufficient excuse for his failure to comply with the statutory requirement? The statute, as
——: ——: duty of holder: nonresidence of principal. has been seen, prescribes the measure of diligence required of the creditor as to the time in which the suit shall be brought, but here no suit has been brought at all against the principal and the question is, what will constitute an excuse therefor? When the principal is dead upon notice by the surety the creditor is not required to proceed against the legal representative of the principal or the estate of the latter. *Hickam v. Hollingsworth*, 17 Mo. 475. And so it has been held the creditor is not bound to proceed against the principal when without the state. *Phillips v. Riley*, 27 Mo. 386; *Perry v. Barret*, 18 Mo. 140. It is thus seen that the mandate of the statute is not of universal application. It has been said that the object of the statute is

to secure the party giving the notice against liability to pay the money when it ought to be collected from the principal. *Perry v. Barret*, 18 Mo. 140. This object could not have been effected by commencing suit against the defendant either in the circuit court or before the justice unless Purdy was joined as a defendant therein. If the plaintiff, as he testified, did not know that Purdy was a resident of the state, or if so in what county he could be found, why join him in the suit as a codefendant? If the plaintiff did not know and could not, by the exercise of "due diligence," ascertain that Purdy was within the jurisdiction of the circuit court, then it seems to us that the statute would not require the bringing of the suit against him. The law never requires a vain and useless thing to be done.

By "due diligence" must be understood some endeavor or effort on the part of plaintiff to find Purdy, which the court or jury should be satisfied was reasonable under the circumstances.

It seems to us that about the only issue in the case was whether the plaintiff, at the time of the receipt of the notice, knew that Purdy resided in Howell county, or if he did not then whether or not, by the exercise of "due diligence," he could have, within the thirty days then next following, ascertained that fact. If the court or jury should find from the evidence the affirmative of this issue then the defendant was exonerated by the plaintiff's failure to bring suit in the circuit court against defendant and Purdy within the time required by the statute after the notice. On the other hand, if the negative of the issue should be found, then the plaintiff was not required to bring the suit and the defendant was not exonerated. This issue was formulated in no instruction requested in the case. None of the instructions correctly expressed the law

as applicable to the facts which the evidence conduced to prove.

We shall reverse the judgment and remand the case to the end that it may be retried in conformity to the views herein expressed.   All concur.

ON MOTION FOR REHEARING.

SMITH, P. J.—The defendant calls our attention to the fact that we overlooked that part of the plaintiff's testimony wherein he states that before bringing the suit he "made no inquiry" as to the residence of Purdy.   It is thus seen that the plaintiff, according to his own admission, used no diligence in endeavoring to ascertain the whereabouts of Purdy or whether or not service of summons could be had on him in this state. It would therefore serve no useful purpose to remand the case for another trial.   It is unimportant whether the instructions submitted the question of the plaintiff's diligence to the jury or not, in view of the evidence.   The only judgment that could have been given under the undisputed evidence is that which was given.   It was clearly for the right party.

It is accordingly ordered that the judgment of reversal heretofore ordered by us be set aside and a judgment affirming that of the circuit court be entered. All concur.