Schneider v. Schiffman.

———————

SCHNEIDER, Appellant, vs. SCHIFFMAN, Respondent.

| 20 | 571 |
| 111 | 300 |
| 20 | 571 |
| 55a | 185 |
| 20 | 571 |
| 150 | 302 |

1. A party who puts his name upon the back of a negotiable note, to which, at the time, he is not a party, is *prima facie* liable as maker ; and although, as between parties entitled to look into the real transaction, it may be shown that he signed as endorser, this cannot be shown against a party who took the note in the usual course of business, before it was due, without notice and for value.

### *Appeal from St. Louis Court of Common Pleas.*

Action upon a note negotiable under the statute, given by Mochel, payable to Philip Burg or order, and by Burg endorsed to the plaintiff before maturity. The name of the defendant, Schiffman, was written upon the back of the note prior to the endorsement. Evidence was offered that he put his name on the note as endorser, and the court below found such to be the fact, and declared that the plaintiff could not recover against him, though it was further found that the plaintiff, when he took the note, had no knowledge of the character in which Schiffman signed it, other than could be gathered from the position of his name.

*Hill, Grover & Hill*, for appellant.

*T. C. Reynolds*, for respondent.

LEONARD, Judge, delivered the opinion of the court.

It is the settled doctrine of this court (*Powell* v. *Thomas*, 7 Mo. Rep. 440 ; *Lewis & Brothers* v. *Harvey*, 18 Mo. Rep. 74,) and cannot now be disturbed, that a party putting his name on the back of a negotiable note to which, at the time, he is not a party, either as maker or payee, is liable *prima facie* as maker ; but that, as between parties entitled to look into the

real transaction that resulted in his signature, it may be shown that he signed as endorser, and so incurred a conditional liability only. The question in the present case is, whether this may also be shown against a party who took the note before it was due, in the usual course of business, and for value, and without notice; and we are of opinion that it cannot, and that such a decision would be contrary to the principles and policy of the law in relation to negotiable paper, and generally result in throwing the loss from the party who occasioned it by his own act, upon a stranger, who relied upon what he found upon the note.

Negotiable paper, it is said, carries its own history upon its face, so that nothing can be alleged against it, while it continues in circulation undishonored, as against an innocent purchaser, other than what is there apparent. This defendant has placed his name upon the note in such position as, under our law, to impose upon himself the obligations of a maker, and he is irrevocably bound as such to all who take the note for value and without notice, upon the faith of what they find upon it, although it is otherwise with reference to those who are bound by the real transaction between the parties. It is no answer to this to say that it was the duty of the holder, when he saw the position of the defendant's name upon the note, to have enquired into the matter and satisfied himself before he took it, whether the party was to be considered chargeable as maker, or only as endorser. The policy of the law, in reference to negotiable paper, requires that it shall tell its own story, and have effect in the hands of innocent holders for value, according to what appears upon it. The result is, the judgment must be reversed, and the facts found by the court being such as, under the pleadings, show that the defendant is liable to this plaintiff for the amount of the note, this court, proceeding to render such judgment as ought to have been given below, judgment for the amount of the note and interest, with costs, will be entered here, instead of remanding the cause.