STIX et al., *Plaintiffs in Error*, v. MATTHEWS.

1. **Promissory Notes**: NEGOTIABILITY : LAW OF SISTER STATE. By the law of Indiana, such notes only are negotiable as are made payable at a bank in that state ; and the name of the bank must be correctly stated in the note. This rule will be enforced in an action brought in this State upon a note executed in Indiana. Where, therefore, in an action brought upon such a note to charge the assignor as indorser, it appeared that there was no such bank as that named in the note ; *Held*, that the action could not be maintained.

2. ———: PROTEST. A notary's certificate of protest of a note payable at a bank is defective if it fails to show presentment to some officer or person at the bank and demand of payment made of him.

3. **Pleading**: PRACTICE. The plaintiff will not be allowed to recover upon a theory of the case directly adverse to that upon which the petition plainly proceeds and the case has been tried; and this although there is a fact alleged in the petition and proven by the evidence which, under other circumstances, might authorize recovery on the adverse theory.

4. **Promissory Notes**: PROTEST : EVIDENCE. Where in an action brought upon several promissory notes to charge the defendant as

indorser, the evidence as to one of the notes failed to show that payment was ever demanded of the maker, and as to the rest showed that they were non-negotiable. *Held,* that proof of waiver of notice of protest was irrelevant, and it was no error to exclude it.

*Error to Jackson Special Law and Equity Court.*—HON. R. E. COWAN, Judge.

AFFIRMED.

*Frank Titus* for plaintiff in error.

Even if the first four notes were non-negotiable under the laws of Indiana, the petition alleged and the evidence is that the makers were non-residents of this State, and the defendants as assignees thereof, were liable. R. S. 1879, § 665.

*Lathrop & Smith* for defendant in error

NORTON, J.—This is a suit instituted by plaintiffs against defendants as indorsers on five notes as negotiable paper. There are five counts in the petition. In the first count the note declared upon was payable at the "Bank of Bedford, Lawrence county, Indiana;" in the second at the "Bedford Bank, Lawrence county, Indiana;" in the third at the "Bank in Bedford, Lawrence county, Indiana;" in the fourth at the "Bank in Bedford, Lawrence county, Indiana;" in the fifth the note was payable at the "Bank of Wheeling, West Virginia."

This cause has heretofore been before this court, and is reported in 63 Mo. 371, when the judgment of the circuit court was reversed and cause remanded because of the refusal of the court to instruct the jury that there was no evidence that defendants had proper notice of the dishonor of the notes sued upon, and for that reason plaintiff could not recover. It was then held that, as to notes executed in and made payable in Indiana, the question of their negotiability was to be determined by the laws of In-

7—75

diana.   It was also held that the allegation in the petition
" that payment of the notes was refused by the cashier of
the branch, at Bedford, of the Bank of the State of Indi-
ana, said bank being the place where said notes were pay-
able " not having been denied by answer, that both the
notes and certificates of protest were receivable in evidence,
but that notice of protest not having been brought home
or given to defendants, the court erred in refusing the in-
struction asked.   It was also held that, the notes showing
upon their face that they were to be paid in a bank in In-
diana, and nothing else appearing, under section 6, article
2 of the statutes of that state, they were negotiable.

The record now before us presents a different state of
case from that presented in the record when the case was
here before.   After the cause was remanded defendants
were permitted to file an amended answer, in which, after
denying every allegation of the petition, they aver that at
the time of the execution of four of said notes, there were
not, and had not been since, any such banks as those
named in the said notes.   The cause was re-tried on said
answer, and after plaintiff had closed his case the court
sustained a demurrer to the evidence and rendered judg-
ment for defendants, and it is this action of the court of
which plaintiffs chiefly complain, they having prosecuted
their writ of error from said judgment.

The 6th section, article 2 of the statutes of Indiana,
provides that "notes payable to order or bearer in a bank
1. PROMISSORY in this state shall be negotiable as inland
NOTES: negotiabil- bills of exchange, and the payees and indors-
ity: law of sister
state.           ees may recover as in case of such bills."
Under this section the supreme court of Indiana has held
that a note, to be negotiable, must be made payable at a
bank in Indiana; that the name of the bank must be cor-
rectly stated in the note ; that a party to a note claimed to
be negotiable is not estopped from denying that there was
any such bank as that named in the note, or from proving
that fact when averred in his answer.   *Porter v. Holloway,*

43 Ind. 35; *Parkinson v. Finch*, 45 Ind. 123; *First National Bank of Kansas City v. Grindstaff*, 45 Ind. 158. In the case last cited, the action was founded on two promissory notes executed by the defendants to Matthews & Bro., and indorsed by them to plaintiff. The notes on their face were "payable and negotiable at the Bedford Bank, Lawrence county, Indiana." The defendants in their answer, among other things, averred that there never was any such bank as that named in the note, and it was expressly ruled that the defendants were not estopped from setting up the non-existence of such a bank as was named in the notes as against an innocent holder, and such fact when established rendered said notes non-negotiable. Plaintiff's evidence established beyond controversy that there were no such banks as were named in the four notes payable in Indiana, and under the authority of the above cited cases the court ruled properly in sustaining defendant's demurrer to the evidence as to said notes.

The demurrer to the evidence as to the note in the fifth count of the petition payable at the "Bank in Wheeling, West Virginia," was also properly sustained. Aside from the fact that the notary's certificate of protest showed that the note was presented at the "Bank of Wheeling, West Virginia," for payment, and the fact that there was no proof that the "Bank in Wheeling," where the note was made payable, and the "Bank of Wheeling," were the same, the certificate is defective in not showing that the presentment was made to some officer or person at the bank, and demand of payment made of such officer or person.

It is also insisted that notwithstanding the fact that plaintiffs were not entitled to a recovery against defendants as indorsers of negotiable paper, they were entitled to a recovery against them as the assignors of non-negotiable paper, as the petition contained an averment that the makers were non-residents of this State. The answer to this is, that defendants were

not·sued as assignors, but as indorsers of negotiable notes. The case has twice been tried upon issues framed upon that theory, and under the authority of the case of *Clements v. Yeates,* 69 Mo. 625, plaintiffs failing to make out the cause of action set forth and relied upon in the petition, cannot recover upon another cause.

It is also insisted that the court erred in refusing to allow plaintiffs to offer. in evidence the pleadings in the cause as ·they stood before the amended answer was filed. This evidence was offered for the purpose of showing a waiver by defendants of notice of protest. Conceding that it might properly have been received for that purpose (without determining whether it was or not receivable), still the error was an immaterial one, and the evidence if received could not have affected the result, as the demurrer to the evidence as to four of the notes was sustained on the ground that it established the fact that they were non-negotiable, and as to the note payable in Wheeling on the ground that the certificate of protest was insufficient to show that the note was, in fact, protested. Judgment affirmed, in which all concur.

4. PROMISSORY NOTE: protest: evidence.