RAY *et al., Appellants,* v. BOWLES *et al.*

Contract: DEFENCE. While it is true where a party pleads as a defence to an action a written contract alone, he will not be permitted at the trial to graft an oral one on it, yet this rule does not apply where the contract was partly written and partly oral and as such formed one entire contract and was so pleaded.

*Appeal from Marion Circuit Court.*—HON. THEO. BRACE, Judge.

AFFIRMED.

*Thomas H. Bacon* for appellant.

(1) The letter of Foster Ray in evidence is the only new matter pleaded. By it respondents' case must abide. They cannot sustain the defence by evidence alien to the issue. *Kuhn v. Weil*, 73 Mo. 213 ; *Clement v. Yeates*, 69 Mo. 623 ; *Weil v. Posten*, 77 Mo. 284. (2) The answer set forth an absolute independent written agreement and defendants could not graft a verbal one on it. *Henning v. United States, etc.*, 47 Mo. 425 ; *Stix v. Matthews*, 75 Mo. 96. Having claimed a written proposition defendants were bound to prove it. *Hook v. Turner*, 22 Mo. 233. (3) The oral testimony did not claim any other contract than that expressed in the letter. It simply showed the witnesses' mistaken construction of the letter. *State v. Lefaivre*, 53 Mo. 470 ; *Willi v. Dryden*, 52 Mo. 319. (4) The answer converted the case into an equitable proceeding. *Hodges v. Black*, 76 Mo. 537 ; *Freeman v. Wilkerson*, 50 Mo. 553. (5) The court erred in refusing appellants' declaration of law as to the question of limitation. (6) The oral testimony even if pleaded would not have constituted a defence. *Ellis v. Pacific R. R.*, 51 Mo. 200.

No brief for respondent.

Ewing, C.—This was a suit in ejectment to recover the possession of the southwest quarter of section 26, township 58, range 5, west. The petition was in the usual form.

The answer is as follows : The defendants, Robert M. Bowles and John L. Bowles, for their amended and separate answer to the plaintiffs' amended petition, herein state : 1st. That on the 1st day of April, 1858, one Foster Ray, who was the ancestor of the plaintiffs herein, and under whom they claim title to the lands in the petition named and described, claimed to be the owner of

said lands (with others by him held under the same title). Said last named day the said Foster Ray, at the county of Marion, in the town of Lebanon and state of Kentucky, made to one Thomas T. Phillips, by the name Thomas Phillips, then in the county of Marion, in the state of Missouri, his proposition or offer in writing of that date, and now here to the court shown, by the terms of which he, the said Foster Ray, proposed and offered to sell to the said Thomas T. Phillips, by the name of Thomas Phillips, aforesaid, the said lands in the plaintiff's petition named (with said other lands before mentioned), for the price or consideration of three hundred dollars, and a certain amount of interest thereon from the ———— day of ——————————, 18—, to be by him, the said Phillips, paid to him, said Ray, within a reasonable time thereafter, and did further propose and offer to him, the said Phillips to execute and deliver to him, said Phillips, a deed of quit-claim for said lands on the payment of the said sum of money hereinbefore named, by the said Phillips, to him, said Ray.

That afterwards, to-wit: On the ———— day of ————, 1858, the said Foster Ray, and the said Thomas Phillips, otherwise called Thomas T. Phillips, came together in person at said county of Marion, in the state of Missouri, and the said Phillips then and there assented to and accepted said proposition or offer so made, as aforesaid, by said Ray, to him said Phillips, as hereinbefore recited, and did then and there pay to him, the said Foster Ray, the said sum of three hundred dollars, and the interest thereon from the ———— day of ——————, 18—, making in the aggregate the sum of———— dollars, and the said Foster Ray then and there accepted and received the said sum of money in full payment for and consideration of said lands under and according to the terms and stipulations of the said proposition and offer in writing aforesaid.

That afterwards to-wit: On the ———— day of ————, 1858, the said Foster Ray left the state of Missouri for

his home in said state of Kentucky without having exe-
cuted and delivered to said Phillips his said quit-claim
deed for said lands or any of them, as by the terms of
his said offer or proposition, he had agreed to do, and
afterwards, on the ——— day of —————, 186—, de-
parted this life at said state of Kentucky without ever
having executed and delivered to said Phillips said deed
of quit-claim or any other conveyance for said lands or
any of them.

That afterwards, to-wit:  On the 30th day of Sep-
tember, 1869, and on the 14th day of October, 1867, the
said Phillips, by his certain deeds of the days aforesaid,
conveyed the said lands in this his answer named and
described to those defendants, and those under whom
they claimed for a valuable consideration, and delivered
him the possession thereof, and he has since said date
continued to hold, occupy and possess the same as his
property.

A jury being waived, the plaintiffs, to maintain the
issues in their behalf then introduced and read in evi-
dence various conveyances; but as the case does not turn
on the plaintiffs' title, but solely on the equitable
defence set up in the answer, it is not necessary to refer
to the evidence of title in plaintiffs.

The defendants then introduced evidence tending to
show a written proposition from Foster Ray to Thomas
Phillips, in the shape of a letter from Ray to Phillips;
and then parol evidence tending to show that afterwards
Phillips accepted Ray's proposition for the sale of the
land, paid for it, and his grantor took possession and
has ever since held possession; and Ray's promise to
prepare and send him a quit-claim deed which he never
did.   Defendants then introduced evidence of title
through Phillips to the defendants, and rested;  upon
which there was a finding and judgment for defendants,
and plaintiffs bring the case here for review.

The plaintiffs insist that under the pleadings and
evidence the defendants had no case.   That the answer

set up an equitable claim to the land in controversy under an alleged written contract or agreement, and that the parol evidence tending to show a variance of the writing was not admissible. In other words that defendants pleaded an agreement in writing and undertook to supplement it by a subsequent verbal change of that contract. That "the answer set forth an absolute independent written agreement, and the defendants could not at the trial graft thereon any verbal agreement." This is undoubtedly true. Parties may modify or change a written agreement by parol upon proper consideration; but when a suit is founded alone on written agreement, parol evidence will not be admitted to vary the contract declared on. A recovery, if at all, must be on the contract set forth in the petition. So when the petition is based on a parol contract, a written agreement undertaking to vary or modify the verbal, will not be admitted in evidence. In other words parties must stand or fall upon their pleading and will not be permitted at the trial by evidence to blend the two "and graft the verbal on the written contract." *Henning v. United States Ins. Co.*, 47 Mo. 425; *Stix v. Matthews*, 75 Mo. 96; *Weil v. Posten*, 77 Mo. 284; *Clements v. Yeates*, 69 Mo. 623.

The question arises as to the answer in this case. What does it plead in defence? Does it base the defence on the written contract alone? Let us see. It first places the defence on a certain letter from Foster Ray to Thomas Phillips, whereby, it is alleged that the former made a proposition to the latter for the sale of the land in controversy upon certain conditions. It is then further alleged that afterwards the parties came together personally; that Phillips accepted verbally the written proposition of sale; and that the sale was consummated by a payment of the purchase money and a promise on the part of Ray to execute and deliver a deed thereto, and by a subsequent possession of the land by Phillips' grantee. This is the pleading in substance. It does not purport to alone set up the letter as a written contract,

but only as a part of the contract, only as a proposition of sale; and then pleads the balance of the contract, the acceptance of the proposition; payment of the purchase money; the promise of a conveyance and the subsequent possession. Thus undertaking to set out a complete contract—partly written and part oral—as a defence to the action. It is an effort to "graft the verbal on the prior written contract" in the pleading, so that the proof might be admissible, and we think it is successfully done. If true the answer sets up a complete defence.

As to the evidence, that is another question. The evidence offered was admissible under the answer and certainly tended to prove its allegations; whether sufficient to do so, is not for us to determine. The trial court concluded that it was, and that is an end of the question of fact as far this court is concerned. This disposes of the case. It is not necessary to refer to other questions raised, and the judgment of the circuit court is affirmed. All concur, except Hough, C. J., absent.