HENRY SIEGEL ET AL.

v.

CHICAGO TRUST AND SAVINGS BANK.

33  225
47  555
33  225
53  506
33  225
d108  445

*Negotiable Instruments—Notes—Consideration—Failure of—Assignment.*

This court holds a certain instrument calling for the payment of money to an advertising company to be a promissory note, in so far as to enable an assignee taking the same for value before the time for the consideration to commence had arrived, and with no notice that it was likely to fail, to recover thereon.

[Opinion filed May 29, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding.

Mr. JOHN C. RICHBERG, for appellants.

Messrs. FRANK J. SMITH & HELMER and FRANK IVES, for appellee.

GARY, J. The single question in this case is whether instruments in this form—

"Form 8.     DALZIEL'S RAILWAY ADVERTISING.

---

"$300.00.                  CHICAGO, March 5, 1887.

"On July 1, 1887, we promise to pay D. Dalziel, or order, the sum of three hundred dollars for the privilege of one framed advertising sign, size ............ one end of each of 159 street cars of the North Chicago City Railroad Co., for a term of three months, from May 15, 1887.

"No. ......               SIEGEL, COOPER & Co."

are promissory notes, so that an assignee may recover on them, though the consideration failed; the assignee having taken them before the time for the consideration to commence had arrived, for value, and with no notice that the consideration was likely to fail.

As an original question, if there were no authority, it would seem clear that business interests would require that the mass of commercial paper made for the purpose of procuring capital for conducting business, by way of advances upon consignments made or to be made, or upon contracts to be performed, should be, when such paper is in ordinary forms, held valid and effectual for the purpose for which it may have been made, although parties taking it for value before maturity, and before any failure of consideration, had notice of why it had been made. What authority there is upon the subject supports that principle. State National Bank v. Cason, 39 La. Ann. 865; Davis v. McCready, 17 N. Y. 230.

Siegel v. Chicago Trust and Savings Bank.

Why should it make any difference whether that notice of what the consideration of the paper is, comes to the assignee on the face of the paper, or extrinsically? The cases, Goodloe v. Taylor, 3 Hawks. (N. C.) 458, and Stevens v. Blunt, 7 Mass. 240, (the latter approved upon another point in McCarty v. Howell, 24 Ill. 341,) hold, that notes, payable at a certain day, or when the payee has completed a building, are, in the hands of the assignee, absolutely payable when the day arrives, whether the building is done or not. Though the cases do not discuss the question whether from such language the consideration appeared on the face of the notes, it would seem to have been taken for granted that it did.

But where a similar instrument was payable at a day fixed, "upon completion of," etc., it was properly held that it was only a contract to pay when the work was done; the word "upon" introduced a condition. Chandler v. Carey, 31 N. W. Rep. (Mich.) 309; and in Considerant v. Brisbane, 14 How. Pr. 487, that the instrument payable July 1, 1856, "for which I am to receive stock," was only an agreement. In that case the delivery of the consideration and the payment were to be simultaneous acts, which may be sufficient to distinguish it from the present, where the consideration covers a period of three months, and the payment is to be made before that period has elapsed.

There could have been no motive for making this paper to Dalziel or order, two months and ten days before the consideration was to commence, unless that he might use it in his business in some way, and the most ready way to use it was to discount it or pledge it as collateral. The use of the words "or order" adds nothing to the legal effect of the paper, but they do serve to show what the parties thought was the legal effect. There is nothing in the parol testimony affecting the question at issue. The ruling of the Circuit Court that the instruments are promissory notes, was correct.

*Judgment affirmed.*