# JOHN J. WEBER
## v.
## EMANUEL ROSENHEIM.

*Negotiable Instruments—Note—Consideration—Failure of—Notice.*

1. Notice, merely, that the consideration of a promissory note is executory, whether such notice be on the paper itself, or extrinsic, does not prevent an indorsee for value before maturity taking it free from any defense, because the consideration afterward fails.

2. The words, "this note is not transferable," are notice that there is something special in the relations of the maker and payee, and constructive notice of what it is, puts the proposed assignee of the note upon inquiry, to ascertain from the maker what is the real and whole contract between him and the payee, or take the note subject to whatever that contract may be.

3. Such note is assignable under the statute and, subject to the defenses of the maker, the assignee may sue thereon in his own name.

[Opinion filed June 30, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. JULIUS S. GRINNELL, Judge, presiding.

Messrs. FLOWER, SMITH & MUSGRAVE, for appellant.

Messrs. PAGE, ELIEL & ROSENTHAL, for appellee.

GARY, P. J. This is an action commenced before a justice of the peace upon a promissory note, as follows:

$75                              "CHICAGO, October 16, 1885.

"Twelve months after date I promise to pay to the order of Henry Sartorius, seventy-five dollars. This note is secured by the Hoffnung Building, Loan & Homestead Association of W. Chicago. Value received.

"JOHN J. WEBER."

On the back was written :

"This note is not transferable."

It was indorsed by the payee to the appellee for value in July, 1886, and without notice in fact to the latter, that there could be any defense to it. The consideration for it was an agreement of the same date, that the payee was to teach the

son of the appellant the watch-making business in all its branches, in the course of two years, for $125; $50 on the day agreement is signed by both parties, and the remaining $75 twelve months after date of this agreement, secured by a note of the Hoffnung Building, Loan & Homestead Association of West Chicago, Ill., and only payable according to this contract.

On the back of the note was the name of Simon Wallner and the seal of the Hoffnung Association, probably intended as a compliance with the terms of the note and agreement. Before the note became due, the payee sold out his business and left the State, so that in fact the consideration had failed when it became due. Siegel v. Chi. T. & S. Bk. (33 Ill. App. 225, 131 Ill. 569), settles the law, that notice, merely, that the consideration of a promissory note is executory, whether such notice be on the paper itself, or extrinsic, does not prevent an indorsee for value, before maturity, taking it free from any defense, because the consideration afterward fails. But the words, " this note is not transferable," are notice that there is something special in the relations of the maker and payee, and constructive notice of what it is; puts the proposed assignee of the note upon inquiry, to ascertain from the maker what is the real and whole contract between him and the payee, or take the note subject to whatever that contract may be.

The note is still assignable under the statute, so that, subject to the defenses of the maker, he may sue in his own name. Now if the appellee had inquired, he would have found that by a contract, to be read with the note, the note was not payable, unless the payee performed on his part, for that is the fair meaning.

Thus he would have had notice, not merely that the consideration was executory, but also that performance to the time of the maturity of the note, on the part of the payee, was a condition precedent to the payment of it, by express contract between the parties. This case is in line with Prius v. South Branch Lumber Co., 20 Ill. App. 236.

The judgment must be reversed and the cause remanded.

*Reversed and remanded.*