Barnett v. Nolte.

W. H. BARNETT, Appellant, v. W. NOLTE, Respondent.

St. Louis Court of Appeals, November 21, 1893.

1. **Justices' Courts:** SUIT ON PROMISSORY NOTE: ELECTION OF THEORY OF ACTION. When suit on a promissory note is brought before a justice of the peace against one whose name is written on the back of the note above that of the payee, the plaintiff may be required to elect in the circuit court on appeal, if he has not done so theretofore, in what capacity he seeks to charge the defendant—whether as joint maker, indorser, surety or guarantor—and is bound by his election, when made.

2. **Promissory Notes:** DISCHARGE OF PARTY BY MATERIAL ALTERATION. The material alteration of a promissory note discharges a party to it, if it is made without his consent.

*Appeal from the St. Louis City Circuit Court.*—HON. JOHN A. HARRISON, Special Judge.

AFFIRMED.

*T. J. Rowe* for appellant.

*J. Hugo Grimm* for respondent.

ROMBAUER, P. J.—The plaintiff, who is indorsee of a promissory note, instituted suit thereon against the defendant before a justice of the peace. The note sued upon was filed with the justice as the only statement of a cause of action. As the defendant's name appeared on the back of the note above that of the payee, and as it furthermore appeared in evidence that it was put there before the payee signed his name, the plaintiff's counsel was asked upon the trial of the cause in the circuit court in what capacity he sought to charge the defendant, and replied as *indorser.* The plaintiff offered no evidence tending to show a presentation of the note to the maker at maturity, or a notice of its dishonor to the defendant. The court rendered judgment in favor of the defendant, and the plaintiff appeals.

It is apparent that the judgment was the only admissible conclusion of law upon the evidence. One who writes his name on the back of a note, of which he is neither payee nor indorsee, is *prima facie* a joint maker, whether the note is negotiable or not. *Powell v. Thomas*, 7 Mo. 440; *Lewis v. Harvey*, 18 Mo. 74; *Schneider v. Schiffman*, 20 Mo. 571. He may show, how-ever, against anyone, except an innocent holder for value before maturity, that it was the understanding of the parties, at the time, that he was to be held as indorser or as guarantor or as surety only. *Beidman v. Gray*, 35 Mo. 282; *Schneider v. Schiffman, supra*; *Noll v. Oberhell-mann*, 20 Mo. App. 336. The plaintiff, when he filed the note before a justice as his only statement, could have proceeded against the defendant upon it either as maker or indorser or surety or guarantor, but he had to elect in what capacity he sought to charge the defend-ant. *Bremen Bank v. Umrath*, 42 Mo. App. 525. He elected upon the trial to charge him as indorser, and is bound by that election. *Perry v. Barret*, 18 Mo. 140. Having failed to adduce sufficient evidence which would thus charge the defendant, he must necessarily fail.

The plaintiff now contends that the defendant did not defend on that theory in the circuit court. It is immaterial what the theory of the defendant's evidence was, as long as all the evidence fails to show any cause of action upon the plaintiff's part. We may add, how-ever, that, even if this insuperable objection were out of the way, we could not disturb the judgment, since there was substantial evidence to show that the note had been materially altered without the defendant's consent after he had indorsed it, which under the set-tled law of this state discharged the defendant, if he so elected. *Haskell v. Champion*, 30 Mo. 139; *Evans v. Foreman*, 60 Mo. 449.

The judgment is affirmed. All concur.