## Walter H. Maze and Elizabeth Maze, Partners, Under the Name of Walter H. Maze & Co. v. Oscar Heinze.

1. PROMISSORY NOTES—*What is.*—The following instrument is a promissory note:

PERU, ILL., July 8, 1891.

"Received of C. W. Harvey,

| | | | |
|---|---|---|---|
| 3 gross brass hinge window locks | @ | $13.33 |
| 9 " silver plated " " | @ | 15.85 |

for which we agree to pay one hundred eighty-two and 65-100 dollars, at 60 days from date, value received.

WALTER H. MAZE & CO."

2. SAME—*Contemporaneous Agreements—Defense.*—An agreement made contemporaneously with a promissory note, providing that the goods for which the note was given might be returned, is not a defense to the note in the hands of an assignee, without notice of the agreement.

Memorandum.—Assumpsit on a promissory note. Appeal from the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the December term, 1893, and affirmed. Opinion filed May 22, 1894.

APPELLANTS' BRIEF, FRED T. BEERS, ATTORNEY.

A promissory note is (under law merchant) a promise or agreement in writing to pay a specified sum at a given time therein limited, or at sight, to a person therein named or his order, or to bearer. Chitty on Bills, 516.

All notes must contain the name of the payee, unless payable to bearer. Bailey on Bills, 22.

In order that an instrument constitute a promissory note, it must be payable to some person (or persons) therein named as payee. R. S. Ill., Chap. 98, Secs. 3, 4; Smith v. Bridges, Breese, 2.

Separate or additional agreements, made at time of or subsequent to execution of a writing, may be proved although not referred to in the writing; so of an oral agreement when it is mere "addition." Cook v. Murphy, 70 Ill. 96; Gilbert v. McGinnis, 114 Ill. 28.

An irregularity or unusual form or appearance, patent

upon the face of a note, is equivalent to notice of any defect (or equity) that may be behind it, and deprives the holder of the protection afforded to a *bona fide* holder for value without notice. Colson v. Arnot, 57 N. Y. 253 (Am. Rep. 495); Angle v. Ins. Co., 92 N. Y. 342; Freeman's Bank v. Savey, 34 Am. Rep. 345 (Mass.); Ingham v. Primrose, 7 Com. B. N. S. 82.

Appellee's Brief, F. E. Hoberg and Mayo & Widmer, Attorneys.

It was competent for appellants to show that fraud or circumvention was used in obtaining or executing the instrument. Sec. 10, Chap. 98, Revised Stat. But to render a promissory note void in the hands of a *bona fide* assignee, the fraud must relate to the execution of the note itself, and not to the consideration. Shipley v. Carroll, 45 Ill. 285; Clark v. Johnson, 54 Ill. 296; Towner v. McClelland, 110 Ill. 542; Hayden v. Olinger, 5 Brad. 632.

Mr. Justice Cartwright delivered the opinion of the Court.

This suit was begun before a justice of the peace by appellee against appellants, as partners under the name of Walter H. Maze & Co. Plaintiff recovered before the justice, and on appeal to the Circuit Court the cause was tried by the court without a jury, and resulted in a finding and judgment for plaintiff for $197.93 and costs.

On the trial in the Circuit Court the plaintiff offered in evidence the instrument upon which the suit was brought, which was as follows:

Peru, Ill., July 8, 1891.

Received of C. W. Harvey,

3 gross brass hinge window locks at $13.33
9  "  silver plated  "   "  at  15.85

for which we agree to pay one hundred, eighty-two and 65-100 dollars, at 60 days from date, value received.

Walter H. Maze & Co.

The instrument bore the indorsement of C. W. Harvey, and it was objected to by the defendants on the ground that

it was not a promissory note for the reason that no payee was mentioned. The objection was overruled. It is claimed that the ruling was erroneous, and that the instrument is not to be construed as a promise to pay the sum therein mentioned to C. W. Harvey. The promise was to pay said sum for the goods received of C. W. Harvey, and he was thereby sufficiently designated as the payee. A repetition of his name was not necessary. He was named as the one from whom the value was received and the amount named was payable to him. Byles on Bills, 78; Story on Promissory Notes, Sec. 36.

The defense sought to be made on the merits was that at the same time that the note was signed, another agreement was made which was as follows:

$182.65.            Peru, La Salle Co., Ill., July 8, 1891.
C. W. Harvey, Bristol, Conn.:

Forward as soon as possible by express C. O. D. three gross brass hinge window locks at $13.33 per gross; nine gross silver plated hinge window locks at $15.85 per gross. On receipt of them at express office we will pay one hundred, eighty-two 65-100 dollars. Express charges free.
No. 7,693.                        W. H. Maze & Co.

Endorsed as follows: Send back all or any of the within at any time by paying return charges to Bristol, Conn., and draw on me for first cost of goods.

C. W. Harvey.

Peru, Ill., July 8, 1891.

It was claimed that the goods were received and paid for as stipulated in this agreement, and returned as permitted by the indorsement, and that a draft was drawn on Harvey which was returned unpaid.

This defense was not available to defendants except upon proof that plaintiff had actual knowledge of the facts and circumstances constituting such defense. It was not claimed that he had such knowledge unless the recitals of the note afforded it. The note furnished notice of the consideration for which it was given, and that the goods had been received. Plainly it would not afford notice that there was a

contemporaneous agreement that the goods might be returned. The mere fact that the consideration was stated gave no notice that it had failed or would fail. Siegel v. Chicago Trust and Savings Bank, 33 Ill. App. 225. Plaintiff, being a *bona fide* holder of the note without notice of any defense, was entitled to recover, and the judgment will be affirmed.