Hovorka v. Hemmer.

---

### John Hovorka et al. v. John G. Hemmer.

1. BILLS AND NOTES—*What is Not a Negotiable Instrument.*—An instrument payable not at a fixed, specific date, but upon publication of an advertisement in a periodical, is not negotiable, being payable in a contingent, uncertain event.

2. SAME—*Negotiable Instrument Becomes Absolutely Void When Fraudulently Altered.*—A forged negotiable instrument is absolutely void even in the hands of an innocent purchaser for value.

Bill to Cancel and Annul an Agreement.—Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge presid-

ing.  Heard in the Branch Appellate Court at the October term, 1902.
Affirmed.  Opinion filed July 17, 1903.

Statement.—This is an appeal from a decree sustaining
a demurrer to and dismissing for want of equity a bill filed
by appellants.

· These facts appear from the bill and an amendment
thereto.  Appellants signed the following agreement and
delivered it to appellee:

"CHICAGO, Sept. 5, 1901.

Please insert my advertisement in the Western Bowl-
ers' Journal, to occupy the space of 2 inches s. c. page, for
the term of ——— months, for which I hereby agree to
pay you or your order the sum of $1.50 per issue, payable
upon publication."

The agreement was on a printed form with certain
blank spaces to be filled out.  At the time of delivery the
blank space for the number of months was left a blank,
it being the express understanding of the parties that it
should not be filled, and that the advertisement might be
discontinued by appellants at any time after its first publi-
cation upon notice to the appellee.

The advertisement was published for several weeks,
appellants paying $1.50 for each publication; but becom-
ing dissatisfied they notified appellant to discontinue.  He,
however, continued to publish and by threats of suit
obtained payment from appellants several times.  They
gave him another notice which he again disregarded, and
upon their refusal to pay he sued them in justice's court
and recovered judgment by default against them for $9,
which they paid.  Afterward another suit for the recov-
ery of $6 was brought against them by appellee, and
upon the trial when he offered the above agreement in
evidence, they learned for the first time that it had been
materially altered by the insertion of the figures "36"
before the word "months," thus making it appear on the
face of the instrument that the subscription was to be in
force for thirty-six months.  This insertion was made by
appellee fraudulently and without authority from or rati-
fication by appellants.  Appellee threatens to continue

Hovorka v. Hemmer.

publishing the advertisement for the full thirty-six months and to bring suit for every publication, if appellants refuse payment. Under the altered agreement they are still liable for thirty-one months at the rate of $6 a month.

The bill prays that the agreement be canceled and annulled and that appellee be restrained from bringing suit at law therein.

CHARLES F. LOWY, attorney for appellants; WINSTON & MUNRO, of counsel.

CHURCH, McMURDY & SHERMAN, attorneys for appellee; WILLIAM A. BITHER, of counsel.

MR. JUSTICE STEIN delivered the opinion of the court.

The facts of this case do not bring it within Siegel v. Trust and Savings Bank, 33 Ill. App. 225, 131 Ill. 569. The $1.50 agreed to be paid by appellants for each issue is payable, not at a fixed, specific date, but "upon publication." The instrument therefore was not negotiable, being payable in a contingent, uncertain event. Husband v. Epling, 81 Ill. 172.

But assuming it to be negotiable, there was still a defense to it at law, even in the hands of an innocent purchaser for value. The instrument became absolutely void by reason of the fraudulent alteration. Vannatta v. Lindley, 198 Ill. 40.

For the appellee it is further urged that the judgment of the justice in the case which went against appellants by default and which they subsequently paid is a conclusive adjudication of all questions now sought to be raised by them, including the one relating to the alleged forgery. Without definitely passing upon this contention, it is clear that either the judgment does so operate between the parties, or if it does not, then appellants have a good defense at law to any suit brought by appellee upon the instrument. In either case their bill can not be maintained, and was obnoxious to a demurrer.

The decree of the Superior Court will be affirmed.