EMERY HERRICK, Appellant, v. W. J. EDWARDS, Executor of J. R. EDWARDS, Respondent.

### Kansas City Court of Appeals, May 30, 1904.

1. **BILLS AND NOTES: Negotiability: Currency.** Negotiable commercial notes represent money and are intended to pass from hand to hand as money, and memoranda on a note set out in the opinion destroyed its negotiability.

2. ———: ———: **Assignability.** The note and memoranda set out in the opinion do not destroy the assignability of the note which may be transferred as any other non-negotiable paper, since the right to dispose of is one of the principal rights of property.

3. ———: **Indorsement Before Delivery.** When one, not the payee indorses a note before delivery, presumptively he is a maker, but evidence may show the real character in which he signed it; but on the note in suit there is no room for presumption or evidence *aliunde*, since the word indorser is added after the name.

4. ———: ———: **Non-Negotiable.** An indorser of non-negotiable paper is not entitled to demand and protest or notice, and though he term himself indorser he is not the indorser known to commercial law.

5. ———: ———: **Maker: Guarantor: Evidence.** One, not the payee, who indorses a note before delivery becomes liable as maker or guarantor and his contract is the equivalent of making a new note; and he may show by evidence *aliunde* in which character he signed.

6. ———: **Maker: Guarantor: Action.** And such maker or guarantor can be sued directly on maturity of the note without action against the real obligor.

Appeal from Cole Circuit Court.—*Hon. James E. Hazell,* Judge.

REVERSED AND REMANDED.

*Silver & Brown* for appellant.

(1)   The court committed error in permitting the witness, W. J. Edwards, to testify as to conversations between Joseph R. Edwards and plaintiff, Herrick. "Parol evidence is not admissible to vary the meaning of a note." Henshaw v. Dutton, 59 Mo. 139; Smith v. Thomas, 29 Mo. 307; Jones v. Shaw, 67 Mo. 667. So permitting the witness, Edwards, to testify that his father, J. R. Edwards, had told him that Herrick had placed the note at the bank as collateral was likewise error. Whitaker v. Whitaker, 157 Mo. 354; McLean v. Rutherford, 8 Mo. 110; Diel v. Stegner, 56 Mo. App. 535; Holmes v. Farris, 97 Mo. App. 305; 1 Jones on Evidence, sec. 236. (2)   The court committed error in refusing declaration of law No. 3 asked by plaintiff. The note sued on being non-negotiable by the provisions of the memoranda thereon, no demand of payment at its maturity on the makers was required; hence no notice to the "indorsers" was necessary. Pococke v. Blount, 6 Mo. 338; Stix v. Matthews, 75 Mo. 96; McMullen v. Rafferty, 89 N. Y. 456; Cromwell v. Hewitt, 40 N. Y. 491; Seymour v. VanSlick, 8 Wend. 404; Peddicord v. Whitten, 9 Iowa 472; Pimley v. Westley, 2 Scott (Eng.) 423. (3)   The note was made not only non-negotiable, but likewise non-transferable, by the memoranda at foot and on back of same. These memoranda are to be taken as parts of the note. Black v. Eppestein, 93 Mo. App. 457. (4)   The court committed error in denying plaintiff's declaration of law numbered 7. The fact that plaintiff did not use what is termed "due diligence" constitutes no defense to an action on the non-negotiable note in controversy. "The indorsement in such case (i. e., of a non-negotiable note) is equivalent to the making of a new note; nor is it necessary to aver the use of diligence by instituting suit, nor that defendants had suffered no injury." Peddicord v. Whitten, 9 Iowa 473; Long v. Myzer, 3 Iowa 266; Wilson v. Ralph, 3 Iowa 450.

*Robert Walker* for respondent.

(1)   The suit in this case, having been between original parties to the note, it was entirely proper for the court to look into the real transaction occurring between the parties at the time the note was given, and the testimony of W. J. Edwards was entirely relevant and proper.   Schneider v. Schiffmann, 20 Mo. 571; Beidman v. Gray, 35 Mo. 282; Kuntz v. Temple, 48 Mo. 71; Seymour v. Farrell, 51 Mo. 95; Mammon v. Hartman, 51 Mo. 168; Cahn v. Dutton, 60 Mo. 297; Malting Co. v. Miller, 38 Mo. App. 251; Bank v. Dunklin, 29 Mo. App. 442; Barnett v. Nolte, 55 Mo. App. 184.   (2)   Parol testimony is always admissible to show that an indorser received no consideration or that the person receiving the benefit of an indorsement was trustee for the same purpose.   (3)   The proof submitted in showing the real transaction of the parties, and the real consideration for the note, as well as the note itself, showed that defendant was to be an "indorser" of the paper, which by its own terms was not negotiable or transferable.   Under repeated adjudication in our State, a person signing paper in a certain capacity assumes the liability which he contracts.   Bank v. Dunklin, 29 Mo. App. 442; Malting Co. v. Miller, 38 Mo. App. 251; Kuntz v. Temple, 48 Mo. 71; Boyer v. Boogher, 11 Mo. App. 130.   (3)   And in contracting as an indorser of non-negotiable paper, defendant contracted nothing more nor less than the liability of an indorser of such paper who likewise was payee.   In Missouri an "indorser" of a note is an indorser in fact, if he so contracts, and nothing else, whether the note be negotiable or non-negotiable.   Powell v. Thomas, 7 Mo. 440; Lewis v. Harvey, 18 Mo. 74; Cromwell v. Hewitt, 40 N. Y. 491. (4) An irregular indorser as defendant in this case must be considered to be, expects the protection of the law merchant and should be protected.   Tiedeman on Commercial Paper, sec.

271. (5) And plaintiff having failed to make any effort to collect from, or to bring a seasonable suit against the Marks while they were solvent, can not now recover against the defendant. Samstag v. Conley, 64 Mo. 476. (6) The case was tried very fully, even to the extent that the court heard the evidence of plaintiff touching conversations which he had with the deceased defendant. The finding and judgment of the court being clearly right, the same should not be disturbed. Hall v. Goodnight, 138 Mo. 576; Cass County v. Bank, 157 Mo. 133; Wagner v. Edison Co., 82 Mo. App. 287; Redman v. Adams, 165 Mo. 60.

ELLISON, J.—The plaintiff brought his action on a promissory note. The trial was before the court without a jury. The finding and judgment were for defendant. The following is a copy of the note:

"Jefferson City, Mo., January 10, 1898.
"$900.00.

"One year after date we promise to pay to the order of E. Herrick nine hundred 00-100 dollars at my place of business————value received with interest from date at 7 per cent.

"M. F. MARKS, Principal.
"MORRIS MARKS,
"J. R. EDWARDS, Indorser."
"No.——Due.
"Non-negotiable or transferable."

On the back thereof are the following indorsements:

"This note is not transferable nor to be used as collateral without the written consent of principal and indorsers.

"M. F. MARKS.
"And if so used shall be absolutely void.
"J. R. EDWARDS, Indorser."

Herrick v. Edwards.

The note considered disconnected from the memoranda appearing on its face and back, would be an ordinary negotiable instrument. But in our opinion such memoranda destroys its negotiability, from the fact that it amounts to notice that the parties do not intend that it shall be used as commercial paper. Negotiable commercial notes represent money and they are intended to pass from hand to hand as money. 1 Parsons Notes and Bills, 30, 37; Story Prom. Notes, 41; People v. Bates, 120 U. S. 565. We regard the memoranda aforesaid as negativing and restraining such function and therefore rendering the note non-negotiable.

But we believe it was nevertheless assignable and transferable as any other non-negotiable paper. Weber v. Rosenbaum, 37 Ill. App. 72. It is not within the power of a person executing a promissory note to another to take from it one of the principal rights of property, viz: the right of disposal. We therefore regard defendant's undertaking to prohibit its transfer, either absolutely or as collateral, as non-effective. Merely as illustrative of this view of the law we quote the following from 2 Coke 21, viz:

"If a feoffment be made upon this condition, that the feoffee shall not alien the land to any, this condition is void: because when a man so infeoffed of lands, or tenements, he hath power to alien them to any person by the law. For if such a condition should be good, then the condition should oust him of all power which the law gives him, which should be against reason, and therefore such a condition is void.

"And the like law is of a devise in fee upon condition, that the devisee shall not alien, the condition is void. And so it is of a grant, release, confirmation or any other conveyance whereby a fee simple doth pass. For it is absurd and repugnant to reason, that he, that hath no possibility to have the land revert to him, should restrain his feoffee in fee simple of all his power

to alien. And so it is if a man be possessed of a lease for years, or of a horse, or of any other chattel real or personal, and give or sell his whole interest or property therein, upon condition that the donee or vendee shall not alien the same, the same is void, because his whole interest and property is out of him, so as he hath no possibility of a reverter, and it is against trade and traffic, and bargaining and contracting between man and man: and it is within the reason of our author that it should ouster him of all power given to him.''

The question then remains: what obligation did defendant assume? It will be noticed that he signed his name on the face of the note at the place usually occupied by makers; but he added to his signature the word ''indorser.'' Now, the law is that, while regularly, the name of an indorser should appear on the back of a note, yet it is not necessary that it should. It may appear even on the face. 1 Daniels Neg. Insts., section 688; Gibson v. Powell, 6 How. (Miss.) 60.

When one not the payee of a note indorses it before delivery, it will be presumed that he is a maker. But evidence is admissible to show in what character he really signed, unless the note is in the hands of a purchaser without notice. Powell v. Thomas, 7 Mo. 440; Lewis v. Harvey, 18 Mo. 74; Schneider v. Schiffman, 20 Mo. 571.

But in this case there is no room for presumption, or evidence *aliunde,* since deceased designated the character in which he signed to be that of indorser. What, therefore, are the rights and liabilities of an indorser of a non-negotiable promissory note? In the first place, he is not entitled to have demand and protest made, or notice of non-payment. Pococke v. Blount, 6 Mo. 338; Stix v. Matthews, 75 Mo. 96. Though he termed himself ''indorser,'' yet he is not the indorser known to the law of negotiable commercial paper. Richards v. Warring, 1 Keyes 578, 582; Dean v. Hall, 17 Wend. 214, 215; Seaberry v. Hungerford,

2 Hill 80; Hall v. Newcomb, 3 Hill. 233; Griswold v. Slocum, 10 Barb. 402.

In Samstag v. Conley, 64 Mo. 476, it was decided that when the payee sold and indorsed a non-negotiable note, he was not an indorser, but was an ordinary assignor, impliedly liable only if diligence were used to collect of the maker. But in this case deceased was not the payee, and he did not indorse for the purpose of transferring title as in the Samstag case. He is a stranger to the note except as to the obligation he assumed when he signed as "indorser," and we have already seen that by such signing he did not assume the liability of an indorser known to the law merchant. The question of what was his liability, has been solved by the cases from New York, cited above, wherein it is held that he became liable as a maker or guarantor. And that his contract was the equivalent of making a new note. To those authorities may be added, Cromwell v. Hewitt, 40 N. H. 491; Seymour v. Van Slyck, 8 Wend. 421. The same view was taken of his obligation in Massachusetts. Austin v. Boyd, 24 Pick. 64. In New Hampshire: Martin v. Boyd, 11 N. H. 385. And that construction of his obligation was adopted by the Supreme Court of this State in Lewis v. Harvey, 18 Mo. 74.

While our conclusion is, as shown by the foregoing, that deceased can not assume the obligation of an ordinary indorser of negotiable paper for the purpose of claiming the rights of such character of indorser, and will not be allowed to show that it was understood he was to be such indorser; yet, he may show that he signed in any of several characters (if there be several) which the nature of his obligation will permit. We have shown that his obligation was either that of a maker or guarantor. Whether it was one or the other might be shown by him by evidence *aliunde*. Lewis v. Harvey, supra.

But whether maker or guarantor, he could be sued

directly, on maturity of the note, without it being necessary to have instituted an action against the real obligor, as between themselves. Hill v. Combs, 92 Mo. App. 242, 252.

The case was not tried in conformity to the views herein expressed and the judgment will be reversed and the cause remanded. All concur.