Gene H. LEROUX, M.D., et al.,
Plaintiffs-Appellants,

v.

DONIPHAN RETIREMENT HOME,
INC., Defendant-Respondent.

No. 13248.

Missouri Court of Appeals,
Southern District,
Division Three.

Jan. 9, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Jan. 18 and 19, 1984.

Application to Transfer Denied
Feb. 15, 1984.

Robert C. Hyde, Hyde, Purcell, Wilhoit, Spain, Edmundson & Merrell, Poplar Bluff, for plaintiffs-appellants.

Daniel T. Moore, L. Joe Scott, Poplar Bluff, for defendant-respondent.

GREENE, Chief Judge.

This is an appeal from the action of the trial court entering judgment for defendant, Doniphan Retirement Home, Inc., on a note suit brought by plaintiffs, Gene H. Leroux, M.D., and his children.

The issue on appeal is whether there was substantial evidence to justify the judgment, and if it was based on a correct application of law.

On July 2, 1974, defendant executed a document prepared by its agents in which they, for value received, promised to pay Dr. Leroux the sum of $182,308.28. The document, identified as a note in three different places in its recitals, required a payment of $1,204 a month except that in the months the retirement home did not have an occupancy rate of 97% or more, no monthly payment would be required. The document had an acceleration clause stating that in the event of default in the payment of any installment, the whole amount was due and payable, and provided for an attorney fee of 10% of the principal and interest due, in the event of default.

In 1981, Dr. Leroux assigned an 8% interest in the document to each of the remaining plaintiffs. According to the terms of the document, the payments were due on the last day of each month in which the

patient census was 97% or more in the retirement home. Generally, the payments were made ten to twelve days after the end of the month.

The December 1981 payment was not made when due. In February of 1982, Dr. Leroux inquired of defendant's agents as to why the payment had not been made. When payment was not made, Dr. Leroux referred the matter to his attorney, who demanded payment in full of the balance due. Payment was still not made, or attempted, until April 26, 1982, on which date a check for the December 1981 payment was tendered to Dr. Leroux. Dr. Leroux did not agree to accept the check as the December payment. Payment in full on the note balance was again demanded, and, when refused, plaintiffs filed suit.

At trial, it was agreed the principal balance due on the document was $143,883.50. There was no significant testimony other than the facts related above with the exception that Shirley Davenport, defendant's agent, stated that on several occasions the retirement home had made payments in months where the patient census was less than 97%, and that she regarded those tenders as "prepayments". She also described the failure to make the December 1981 payment until April 26, 1982, as a mix-up in determining whether occupancy for December was 97% or more.

In its pleadings, defendant's answer was in the nature of a general denial. It also raised as an affirmative defense that 1) the document in question was not a note under Missouri law, 2) prepayments made prevented default on the installment in question, and 3) plaintiffs waived their right to accelerate payment in full by reason of accepting payments on the document after the December 1981 payment due date. The judgment of the trial court, March 24, 1983, simply stated that it found the issues in favor of defendant and against plaintiffs.

From what we can glean from the record, and from defendant's appellate brief, the principal issue at trial was whether the document obligating defendant to pay Dr. Leroux $182,308.28 was a promissory note.

Defendant contends that it was not for the reason that one essential element of a promissory note is a promise to pay a sum certain, "absolutely and at all events," citing *Kessler v. Clayes*, 147 Mo.App. 88, 125 S.W. 799 (1910).

Defendant reasons that since the document was not a promissory note, it is some other type of contract, and if there was a breach of that contract, by failing to make the December 1981 payment when due, the breach was not material since defendant had made payments when not due, and that acceleration of payment of the entire balance due was waived by accepting the delinquent payment in question when it was finally made.

■ It has been said that if something looks like a duck, and quacks like a duck, it probably is a duck. Applying that test to the document in issue here, we find a promise in writing to pay a sum certain, in monthly installments of $1,204 on the last day of each month in which the patient census of the nursing home was 97% or more of total occupancy, with payment to be made to a definite party. These facts indicate that we are dealing with a promissory note, as such is defined by the Uniform Commercial Code (§ 400.3–104) and by case law. *Kessler v. Clayes*, supra. Although the note is not negotiable, for the reason that it contains no language imparting negotiability, such fact has no bearing on the question of whether the instrument in question is a promissory note, nor does it affect the liability of defendant-maker to Dr. Leroux and his assigns. § 400.3–104(3); *Kessler v. Clayes*, supra at 802; *H. & M. Finance Co. v. Brandt, et al.*, 86 S.W.2d 196 (Mo.App.1935); *Farm & Home Savings and Loan Ass'n v. Theiss*, 342 Mo. 40, 111 S.W.2d 189, 190 (1937).

■ Since we are dealing with a promissory note, defendant's argument raised at trial and in its brief here that prepayments it made in months when payment was not due, i.e., when the retirement home's occupancy was less than 97%, which Leroux accepted, excused nonpayment of the

amount due for December 1981, has no merit. Absent express agreement to the contrary, and there was none here, payments on a note made when not required do not excuse payment of subsequent installment payments on their due date. *Long v. Manning,* 455 S.W.2d 496, 501 (Mo.1970).

Also devoid of merit is defendant's claim that plaintiffs waived their right to accelerate payment in full because they accepted payments on the note after demand for payment in full was made. *Paul Londe & Associates, Inc. v. Rathert,* 522 S.W.2d 609, 611 (Mo.App.1975).

There was no substantial evidence to support the trial court's judgment for defendant. The evidence submitted mandated a judgment for plaintiffs.

The judgment of the trial court is reversed, and the cause is remanded to the trial court with directions to enter judgment for plaintiffs and against defendant in the sum of $143,883.50, plus interest on said sum as provided by law, and to award plaintiff attorney fees in the amount of 10% of the principal and interest specified in such judgment.

CROW, P.J., and FLANIGAN, MAUS and PREWITT, JJ., concur.