BREMEN BANK, Respondent, v. HERMAN UMRATH *et al.*,
Defendants; WM. RUHLAND AND ADOLPH
DIETZ, Appellants.

St. Louis Court of Appeals, December 9, 1890.

1. **Promissory Notes**: PLEADING. If a plaintiff sues the defendant as the maker of a promissory note, and the latter answers that he was not a maker but an indorser of the note, and that he was discharged by the failure of the plaintiff to give him due notice of the nonpayment of the note, and if the plaintiff thereon, replies, denying these allegations, a recovery cannot be had against the defendant as indorser.

2. ———: UNAUTHORIZED ALTERATION. If a note is altered, without the consent of a party to it, after it has been discounted at a bank, and it is shown to have been altered while in the custody of the bank, and the bank claims under it in its altered form, it is immaterial that it does not appear who made the alteration, since the claim of the bank amounts to a ratification of the alteration; the note will, therefore, be invalid as against such nonconsenting party.

*Appeal from the St. Louis City Circuit Court.*—HON.
JAMES E. WITHROW, Judge.

REVERSED AND REMANDED.

*Christian & Wind* and *O. B. Givens*, for appellants.

(1) Plaintiff must stand on cause of action stated in petition. *Sumner v. Rogers*, 90 Mo. 324; *Reed v. Bott*, 100 Mo. 63; *O'Brien v. Steel Co.*, 100 Mo. 182. It cannot sue defendants as makers of a promissory note, and recover against them as indorsers. *Perry v. Barrett*, 18 Mo. 140-145; *Noll v. Oberhellmann*, 20 Mo. App. 336. (2) If any officer or employe of the bank altered the note by stamping waiver of protest above the indorsements, they thereby invalidated it as against Ruhland and Dietz. The cashier was not the only

person who could invalidate it by so doing, and the court had no right to so instruct the jury. *Bank v. Fricke*, 75 Mo. 178; *Bank v. Armstrong*, 62 Mo. 63.

*Lubke & Muench*, for respondent.

ROMBAUER, P. J.—The petition in this case, omitting formal parts, is as follows:

"That on the eleventh day of February, 1889, by their certain promissory note, herewith filed as exhibit 'A,' the defendants promised to pay to the order of plaintiff, for value received, at the Bremen Bank, St. Louis, thirty days after said date, the sum of sixteen hundred ($1,600) dollars, with interest from maturity at the rate of ten per cent. per annum, until paid."

The petition further avers that the sum of two hundred dollars, as well as interest to July 31, 1889, had been paid on said note, and concludes with a prayer for judgment against all the defendants.

The defendants Ruhland and Dietz filed separate answers verified by oath, denying the statements made in plaintiff's petition. They also set up, as affirmative defenses: *First.* That they were accommodation indorsers of the note, and plaintiff took it with knowledge of that fact; *second,* that the payment of the note had been extended without their knowledge by a valid contract between the bank and the maker of the note; *third,* that, at the date of the maturity of said note, the maker had sixteen hundred dollars and more on current deposit in the plaintiff's bank, and that the maker deposited between that date and the institution of this suit more than six thousand dollars with said bank; yet the bank failed to apply such money to the payment of the note, although the note by its terms was payable at the bank; *fourth,* that the words, "demand, protest and notice of protest waived," were placed above their names by the plaintiff without their knowledge and consent, and that no notice of nonpayment was given

to them until long after the maturity of the note. The affirmative defenses were traversed by reply.

Upon the trial of the cause the plaintiff gave in evidence the note with its indorsements, and rested. The note was in words and figures as follows:

"$1600.          St. Louis, February 11, 1889.

"Thirty days after date I promise to pay to the order of Bremen Bank sixteen hundred dollars for value received, payable at the Bremen Bank, St. Louis, with interest from maturity at the rate of ten per cent. per annum until paid.

                    "HERMAN UMRATH

"No. 48116, due March 13-16."

On the back there was the following:

"Demand, protest and notice of protest waived.

                    "WM. RUHLAND,
                    "ADOLPH DIETZ.

"Paid May 31, 1889, $100, and interest to date.

"Paid August 12, 1889, $100. Interest paid to July 31, 1889."

The defendants then gave evidence tending to substantiate the first and fourth affirmative defenses set up in the answer, but, in our opinion, gave no substantial evidence supporting the other defenses. The jury found a verdict for the plaintiff, and the defendants, appealing, complain that the instructions given by the court to the jury were erroneous.

On behalf of the plaintiff, the court instructed the jury in substance that, if the waiver of protest was stamped on the note before the same was signed by the defendants, and before its delivery to the plaintiff, then their finding must be for the plaintiff. The court refused to instruct the jury on defendants' request that, if they signed their names as accommodation indorsers, and not as makers, and the bank received the note with notice of that fact, then the plaintiff could not recover in this action.

The instruction asked by the defendants should have been given, and that asked by the plaintiff should have been refused. The plaintiff claims that its petition, although informal, was sufficient to charge the defendants *either* as *joint* makers or as indorsers, and that the answer, by stating that defendants were indorsers and not makers, helped out the informality of the petition, and justified a verdict against them on either theory. This, however, is a misconception. The petition was informal, as far as it charged the defendants as makers, because it failed to state that they made the note, but it was fatally defective in charging them as indorsers, because it failed to state either that they indorsed the note, or that their promise was conditional, and that the contingency on which their promise depended had occurred. Besides, when the defendants in their answer stated that they were indorsers, the plaintiff denied that fact by reply. It is for the plaintiff, who is supposed to know his cause of action, to state it. It could not, in this case, hold the defendants, on any conception of the office of pleadings, both as makers and indorsers, nor could it, under the rules of practice in this state, charge them as makers, and recover against them as indorsers. *Perry v. Barrett,* 18 Mo. 140.

The defendants asked the following instruction :

"The court instructs the jury that, if they find and believe from the evidence that, after the execution and delivery of the note sued on, the bank, or any of its officers or employes, stamped upon the back thereof the words, "demand, protest and notice of protest waived," without the consent of said Ruhland and Dietz, then the said note is void as to said Ruhland and Dietz, and the jury must return a verdict for said Ruhland and Dietz."

The court refused this instruction as asked, but gave it by inserting before the word, "bank," the words, "cashier of the," and by striking out the words, "or any of its officers or employes."

This action of the court was error. The defendants were entitled to have the instruction given as they asked it. The evidence bearing on that question was evidence given by the defendants to the effect that the stamp was not on the note when they delivered it, and that they never thereafter authorized anyone to put it there. The plaintiff's evidence tended to show that the cashier put the stamp on the note before the defendants signed it. There was no evidence that the note, after its delivery, had ever left the custody of the bank. If the jury believed the defendants' evidence, that the stamp was not on the note when they delivered it to the bank, the inference was unavoidable that some one put it there afterwards, and, as it never left the custody of the bank, the inference was warranted that some employe of the bank put it there. It is immaterial what employe of the plaintiff put the stamp upon the note, provided it was put thereon after its delivery to the bank, and without the consent of the defendants. The plaintiff, by producing the altered note, after it came into its possession, and claiming rights by virtue of that alteration ( if it was altered ), ratified the alteration, and by so doing avoided the note. *First National Bank v. Fricke*, 75 Mo. 178, 183.

It results that the judgment must be reversed and the cause remanded. So ordered. All concur.