# W. S. PAUL, Appellant, v. CLARK LEEPER, Respondent.

### Kansas City Court of Appeals, March 2, 1903.

1. **Alteration of Instrument: SAME HANDWRITING AND INK: PRESUMPTION.** Where an interlineation is apparently in the same handwriting and ink as the balance of the note, it is presumed that it was contemporaneous with the execution; this is especially the case where the interlineation is in favor of the maker and against the holder.

2. ————: **INCONSISTENT DEFENSES: VERDICT.** Defendant produced evidence tending to show that the interlineation in a note was not in the payee's handwriting, then without objection introduced other evidence tending to show that the payee made the interlineation at the time of the transfer to plaintiff and at his request. *Held,* that if the jury believe the latter theory the verdict for the defendant was a proper finding, and the evidence was sufficient to support the finding.

3. ————: **INTERLINEATION: SPOLIATION.** Where words are interlined into the face of a note by a stranger without the consent of the parties the act is a mere spoliation and can not affect the rights of the holder.

4. ————: **PLEADING: INSTRUCTION.** Where the holder sues on a contract in its altered state he adopts the alteration and makes it his own; and if he does so in ignorance he may not be bound thereby upon such alteration appearing if he properly presents this saving feature of his case to the court by proper pleadings or by his instructions on an appeal from a justice of the peace.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins,* Judge.

Affirmed.

*C. H. Montgomery* for appellant.

(1) The instruction, given at the instance of defendant that the unauthorized alteration of a stranger to the notes would destroy them is not the law and never was. There is a distinction between the alteration and the spoliation of an instrument, as to the legal conse- quences. Medlin v. Platte County, 8 Mo. 235; State v. McGonigle, 101 Mo. 366. (2) The conclusions (not the evidence) of witnesses Heaton and Jardwin that plaintiff Paul had testified in justice court that Heaton had changed the Leeper notes in his (Paul's) presence, are entitled to no weight whatever; they are disputed by all the facts and circumstances in the case, by the issues of the parties in said justice court, and by the evidence of such witnesses themselves. The testimony of a witness if in clear contradiction of the physical facts should be disregarded and not submitted for the consideration of the jury, and if so submitted, their findings predicated thereon should be disregarded. Hook v. Railway, 162 Mo. 569. (3) Though there are alterations apparent upon the face of the instrument, yet unless there is something suspicious about them, it will be presumed that they were made contemporaneous with the execution of the instrument. Stillwell v. Patton, 108 Mo. 360; Paramore v. Lindsey, 63 Mo. 63. (4) The court should have instructed the jury to find for the plaintiff for the notes and interest. There was no defense proven; the court's refusal to do so was error.

*Geo. J. Grayston* for respondent.

(1) The three cases having been consolidated, the issues were merged. One verdict having been set aside on the ground of insufficiency of the evidence and a new trial granted to plaintiff, another new trial can not be granted except for error as to a matter of law or misbehavior of the jury. Therefore, the only assignment

of error that this court can notice is the one attacking the instruction given at the instance of the defendant. R. S. 1899, sec. 801; Haycraft v. Griggsby, 67 S. W. 965. (2) The instruction complained of told the jury that in this case the plaintiff had sued on the notes as they now appear and was claiming under them in their present form, and narrowed the issues down to the single proposition as to whether or not the notes had been altered after their execution and delivery without the knowledge and consent of the defendant. If plaintiff had raised the question of spoliation by a stranger the burden would have been on him to show who made the alteration. Therefore, the only issue for the jury to pass on was whether or not the notes had been altered. The instruction simply eliminated all questions not arising from the evidence and contentions of the parties and was correct so far as this case is concerned. Bank v. Urirath, 42 Mo. App. 528; Kelley v. Thuey, 143 Mo. 434. (3) The burden is on the party who has had the custody of the instrument and who is seeking to enforce same to show that the alteration was not made by him or those under whom he claims, nor with his or their privity or consent. 2 Am. and Eng. Ency. of Law (2 Ed.), 279-280. It is well settled in this State that any alteration in a negotiable instrument, made after the execution and delivery of the instrument and without the maker's knowledge and consent, however immaterial in its nature and however innocently made, vitiates the instrument. Moore v. Hutchinson, 69 Mo. 429; Kelley v. Thuey, 143 Mo. 434; Powell v. Banks, 146 Mo. 643.

ELLISON, J.—This action was brought before a justice of the peace to recover on a number of promissory notes of ten dollars each. The defendant had judgment in the trial court.

It appears that the notes were executed by defendant to Austin Heaton and that they were afterwards,

before due and for value, indorsed to this plaintiff. The defense is that they were altered without defendant's consent after being delivered to Heaton. The alteration charged is that the words "from due" were interlined above the interest clause. The notes were drawn on printed blanks and the interest clause was printed "with interest at . . . per cent per annum." The figure 8 was put in the blank space when the notes were executed. The words "from due" appear written above the printed words "per cent per annum," the bottom of the letter "f" in "from" coming down into the blank space after the figure "8." Plaintiff's contention at the trial was that the notes were never altered. They were written, that is, filled out, by Heaton, the payee, and plaintiff's theory is that Heaton wrote the words in question when he filled out the notes before they were signed by defendant. Defendant's theories at the trial were that Heaton never wrote the words in question; and that he did write them in the notes at plaintiff's request just before he purchased them. These theories, inconsistent as they are, were advanced without being objected to on that account.

The fact that the notes appear with the words "from due" interlined as they are in what is apparently the same ink and in what is apparently the same handwriting as the balance of the notes, does not cast the least suspicion upon them. It will be presumed that such interlineation of them was contemporaneous with their execution. Stillwell v. Patton, 108 Mo. 360; Paramore v. Lindsay, 63 Mo. 63. This rule can be applied with especial ease to these notes, since the interlineation is in favor of the maker and against the interest of the holder; as, without the interlineation, the notes would have read, "with interest at eight per cent per annum," and thus have drawn interest from date. It therefore devolved upon defendant to show that the interlineation was made after he signed the notes and without his authority. Heaton being dead, defendant

was not a witness himself and the effort to show that there was an alteration was centered around the question whether Heaton made the interlineation before defendant signed. To show that he did not, defendant introduced Heaton's widow and son who testified that those words were not in his handwriting, and were not written by him. Then, as before stated, defendant introduced two witnesses who gave evidence tending to prove that Heaton did write these words at plaintiff's request after defendant had signed. No objection was made on the score of inconsistency. If the jury believed the second of these two theories, then their verdict for defendant was the proper finding.

But plaintiff says the evidence was not of sufficient force and certainty to sustain such defense. We have gone over it carefully and find that while it is quite strange that plaintiff would have made such admission at the very time he was seeking to recover judgment, yet that was all a matter for the consideration of the jury. In this connection it is proper to say, that plaintiff admitted he did have Heaton alter some other notes he purchased of him against another person by interlining the same words interlined in the notes in controversy. That he did it so as to make them conform to what Heaton said was the contract as to interest with the payors.

As to the first theory of defense, plaintiff urges that though the jury should have believed that the words interlined were not written by Heaton, yet it did not follow but that some stranger might have written them for whose acts plaintiff would not be responsible; in which case there would be a mere spoliation not avoiding the notes. In this connection plaintiff objects to defendant's instructions which directed a finding for defendant if an alteration was made without his consent even though by a stranger without plaintiff's consent, thereby becoming a mere spoliation. The difficulty with this theory and objection lies in the manner in which

it appears in the record. Plaintiff has sued on the notes as they now appear and his theory has been that they have not been altered. If there was a mere spoliation, then plaintiff should have presented that theory in his case. It has been ruled that when one sues on a "contract in its altered state" he adopts the alteration and makes it his own. Kelly v. Thuey, 143 Mo. 435; Breman Bank v. Umrath, 42 Mo. App. 528. Notwithstanding such rule, we can very well see that where one sues on a note without knowledge of its having been altered he should not be bound by the alteration if made by a stranger. But, in such instance, where the alteration is developed, he should, in a proper way, have that saving feature of his case presented to the court. There were no pleadings in this case, yet plaintiff did not ask the court, by instruction or otherwise, to submit the question of alteration by a stranger without plaintiff's consent. The whole record shows that the contest on plaintiff's part was on the theory that there had been no alteration either by a party in interest or a stranger and that the note in his hands was as it was signed by defendant. On the respective theories of the parties the court's instructions were undoubtedly right.

After having fully considered the record and briefs, as well as the printed arguments, including the oral argument by appellant's counsel at the hearing, we feel that we can not interfere with the judgment and it is accordingly affirmed. All concur.